## YOUNG *v.* SMITH & KELLY COMPANY.

An independent contractor is not liable for injuries to a third person, occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him, though the injury result from the contractor's failure to properly carry out his contract.

Argued November 14,—Decided December 21, 1905.

Action for damages. Before Judge Norwood. City court of Savannah. May 20, 1905.

Henry Young brought an action against Smith & Kelly Company, a corporation, for damages alleged to have been sustained by him on account of the negligence of the defendant. The material allegations of the petition were as follows: The foreign owners of a steamship consigned her to J. F. Minis & Company at the port of Savannah, Georgia, to be loaded by them with cotton. Prior to the delivery of the ship to Minis & Company it was delivered to Smith & Kelly Company to be loaded with phosphate rock. The rock was put into the hold of the vessel through its hatches, and Smith & Kelly Company contracted with the owners of the vessel to replace and securely fasten the hatches on the sides or combings thereof, which agreement was one usually entered into between ship-owners and stevedores doing business in the port of Savannah, and was a

custom well known and understood among ship-owners, ship labor-
ers, and employees in that port. Within twenty-four hours after
the loading of the vessel with phosphate rock by Smith & Kelly
Company had been completed, it was placed by such corporation in
the custody of the consignees, Minis & Company, to be loaded with
cotton. The plaintiff, a laborer of Minis & Company, went to one
of the hatches, with the intention of removing the top of the same
in order to store cotton in the hold. Smith & Kelly Company, or
its servants, had covered this hatch with tarpaulins. Plaintiff
walked on the top of this hatch, as usual and customary in such
cases, and in the line of his duty, to remove the tarpaulins and take
up the covering of the hatch, which had been placed there by the
servants of Smith & Kelly Company. While engaged in this work,
one of the compartments or partitions of the hatch, by reason of
being insecurely fastened by the servants of Smith & Kelly Com-
pany, gave way and turned over, precipitating plaintiff into the hold
below, injuring him as set out in the petition. The petition was
dismissed on general demurrer, and the plaintiff excepted.

*E. H. Abrahams* and *R. L. Colding,* for plaintiff.
*O'Connor, O'Byrne & Hartridge,* for defendant.

FISH, C. J. (After stating the facts.) The general rule is well
established that an independent contractor is not liable for injuries
to a third person, occurring after the contractor has completed the
work and turned it over to the owner or employer and the same has
been accepted by him, though the injury result from the contractor's
failure to properly carry out his contract. 1 Thomp. Neg. §686;
Whart. Neg. §438 et seq.; 16 Am. & Eng. Enc. Law, 209. There
are some modifications of this rule. Among them are cases where
the work is a nuisance per se, or where it is turned over by the
contractor in a manner so negligently defective as to be imminently
dangerous to third persons. See above-cited authorities. The pres-
ent case, we think, falls within the general rule. Smith & Kelly
Company was an independent contractor. It had fully completed
its contract for loading the vessel with phosphate rock and had
turned it over to the consignees, Minis & Company. The work was
not a nuisance, nor was the condition of the hatch as left by Smith
& Kelly Company imminently dangerous in itself. Plaintiff, a
laborer of this firm, was injured, as the petition alleged, by the negli-

gent failure of Smith & Kelly Company to perform its contract
with the owners of the ship.   It is clear that, under the rule above
announced, the plaintiff, if he had been a servant of the owners of
the vessel, would have had no cause of action against Smith &
Kelly Company.   As he was a servant of Minis & Company and
not of the owners, the rule is equally applicable, and he had no cause
of action against the defendant.  · *Fulton County Street Railway Co.*
v. *McConnell,* 87 *Ga.* 756, is cited for the plaintiff in error.   There
a street railway company, having authority under its charter to
construct a railway in a public street, had the work done by an
independent contractor.   An injury to a person passing along the
street was caused by the negligence of a servant of the contractor
in unnecessarily and improperly laying down loose rails in advance
of the workmen engaged in constructing the track.   In a suit
against both the railway company and the contractor, the contractor
was held liable for the consequences of such negligence.   The rail-
way company was held not liable, on the ground that it had not
reserved any control over the conduct of the contractor in executing
the work.   Counsel for the plaintiff in error also cite *Ridgeway* v.
*Downing Company,* 109 *Ga.* 591.   In that case the owner of a va-
cant city lot, who for years had suffered the public to use a thorough-
fare over the same, employed an independent contractor to construct
a building thereon, according to certain specifications, including
piling for the foundation.   The contractor dug a trench for such
purpose across the thoroughfare.   It was held that the owner of
the lot was not liable for a personal injury sustained by one who
fell into the trench by reason of its unguarded condition.   The
non-liability of the owner was put upon the same ground as that
announced in *Fulton County Street Railway Co.* v. *McConnell,* that
is, that the owner had had no immediate direction and control over
the work.   Both of these cases were governed by the decision ren-
dered in *Atlanta & Florida Railway Co.* v. *Kimberly,* 87 *Ga.* 161,
164, where it was held: "Where an individual or corporation con-
tracts with another individual or corporation exercising an inde-
pendent employment, for the latter to do a work not in itself un-
lawful or attended with danger to others, such work to be done ac-
cording to the contractor's own methods and not subject to the em-
ployer's control or orders except as to the results to be obtained, the
employer is not liable for the wrongful or negligent acts of the con-

tractor or of the contractor's servants." This rule is embodied in the Civil Code, § 3818, and exceptions thereto in section 3819. There is nothing in these cases in conflict with the general rule that an independent contractor is not liable for injuries to a third person, occurring after the completion of the work and its acceptance by the owner or employer, resulting from the failure of the contractor to properly carry out his contract. The petition was properly dismissed upon general demurrer, as it set forth no cause of action against the defendant.

*Judgment affirmed. All the Justices concur.*