## 28326.   LANE *v.* THE MURRAY COMPANY.

Decided December 5, 1940.

*W. E. Watkins, Benjamin B. Garland, Richmond Garland,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

Broyles, C. J.   Fred B. Lane instituted an action against The Murray Company to recover damages for an injury to his right arm by reason of its being caught and mangled in the saws of a gin which defendant had installed for plaintiff's employer, A. C. Norman.   The defendant demurred to the petition generally, (1) because it set out no cause of action, and (2) because the facts alleged therein "impose no liability upon this defendant;" and specially on numerous other grounds.   After the interposition of said demurrer the plaintiff amended his petition; and after the petition had been so amended the court on December 20, 1939, passed the following order:   "It is  .  .  adjudged that grounds 1 and 2 of the demurrer be  .  .  sustained.   Leave to amend within twenty days

is hereby granted to the plaintiff, failing to amend the petition to stand dismissed. The remaining grounds of the demurrer are not passed upon at this time." On December 29, 1939, and within the time specified in the foregoing order, plaintiff amended his petition a second time. On January 10, 1940, the defendant filed a written motion to dismiss the case (1) because plaintiff's last amendment "fails to meet the requirements of said order," and (2) "because said amendment fails to materially change or alter the allegations of plaintiff's original petition." On January 26, 1940, the court entered the following order: "The within motion to dismiss coming on for a hearing and plaintiff's amendment filed on the 29th day of December, 1939, having failed to meet the terms and requirements of the order of this court dated December 20, 1939, and failing to change materially the allegations of the original petition, it is considered, ordered, and adjudged that said case be and the same is dismissed."

The first question with which we are confronted is the defendant's motion to dismiss the bill of exceptions. The gist of this motion is that the plaintiff can not except to the first order of the court for the reason that he acquiesced therein by amending his petition, and that "the petition stood dismissed as of the date of the original order and there is no final order from which defendant [plaintiff?] may appeal." "The rule is well settled that where a question as to the sufficiency of the pleadings has been raised by demurrer, and the pleader seeks to conform to an adverse ruling by amending them so as to meet the objection and prevent a dismissal, he will not thereafter be heard to complain that the antecedent ruling to which he has thus submitted was erroneous, or that the amendment was unnecessary. . . Where, however, exception is taken not to the antecedent ruling on the original petition but to a final judgment dismissing the petition on a subsequent adjudication under a renewed demurrer, and after the plaintiff has sought to conform to the previous ruling by exercising the right given him to amend his pleadings so as to meet the objection raised, the antecedent ruling will be accounted as conditional only, especially where it did not expressly dismiss the petition; . . and such 'a conditional order of dismissal made on the hearing of a previous demurrer to the original petition concludes nothing.'" *McConnell* v. *Frank E. Block Co.*, 26 *Ga. App.* 550 (106 S. E. 617), and cit.;

*Collins* v. *Myers,* 28 *Ga. App.* 457 (111 S. E. 686) ; *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136) ; *Smith* v. *Bugg,* 35 *Ga. App.* 317 (133 S. E. 49). Under the foregoing authorities, the plaintiff's exception to the conditional order of December 20, 1939, was futile and can not be considered; but that fact is no cause for holding that the valid exception to the judgment dismissing the case after the petition had been finally amended can not be considered. The order of January 26, 1940, was a final judgment to which exception could properly be taken, and the plaintiff having made timely exception thereto, that exception must be considered. The motion to dismiss the writ of error is overruled.

■ In the order of December 20, 1939, the court ruled that the petition as theretofore amended was subject to the general grounds of the demurrer interposed. We think that ruling was correct, since the petition as so amended showed that the defendant, in installing the gin in question, was doing so as an independent contractor; that the plaintiff was injured after the gin was installed and turned over by the defendant to the owner and accepted by him; that the gin as installed was not a nuisance per se, nor was it so negligently defective as to be imminently dangerous to third persons; and, therefore, that the defendant was not liable for the plaintiff's injuries. *Young* v. *Smith & Kelly Co.,* 124 *Ga.* 475, 476 (52 S. E. 765, 110 Am. St. R. 186, 4 Ann. Cas. 226). The amendment to the petition filed on December 29, 1939, did not cure the defects attacked by the demurrer, and therefore it failed to meet the requirements of the order of December 20, 1939. The court did not err in sustaining the written motion to dismiss the case. *Speer* v. *Alexander,* 149 *Ga.* 765 (102 S. E. 150). The case of *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (59 S. E. 442), cited by counsel for the plaintiff in error, is distinguished by its facts from this case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*