37760. COX *v.* RAY M. LEE COMPANY, INC., *et al.*

Decided September 14, 1959—Rehearing denied October 7, 1959.

334

*Houston White,* for plaintiff in error.

*Moise, Post & Gardner, R. Emerson Gardner, Albert G. Norman, Jr., Lewis, Lewis, Whaley & Cagle,* contra.

NICHOLS, Judge. 1. "While, as a general rule, an independent contractor is liable for injuries caused by his own negligence or that of his servants in the course of his performance of the work or in failing to leave the premises in as safe a condition as they were found (65 C.J.S., p. 611, § 95), it is a well established general rule that, where the work of an independent contractor [or an architect] is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection. 65 C.J.S. 613, § 95; *Young*

v. *Smith & Kelly Co.*, 124 *Ga.* 475 (52 S. E. 765, 110 Am. St. R. 186, 4 Ann. Cas. 226), and citations. There are, of course, well recognized exceptions to this general rule. One such exception is that the contractor is liable where the work is a nuisance per se, or inherently or intrinsically dangerous. Another is that the contractor is liable where the work done and turned over by him is so negligently defective as to be imminently dangerous to third persons. 65 C.J.S. 614, § 95; *Higgins v. Otis Elevator Co.*, 69 *Ga. App.* 584 (26 S. E. 2d 380). If the work performed by the contractor is not shown to come within one of the exceptions to the general rule, when the work is finished by him and accepted by his employer, the liability of the former generally ceases and the employer becomes answerable for damages which may thereafter accrue from the defective conditions of the work. 27 Am Jur. 514, § 37." *Queen v. Craven*, 95 *Ga. App.* 178, 183 (97 S. E. 2d 523).

Therefore, in the present case, where the building constructed by the contractor under the direction and supervision of the architects had been completed and accepted by the owner, in order for the plaintiff's petition to set forth a cause of action it must be shown that the work comes within one of the exceptions shown above.

2. The plaintiff's petition charges that such landing and steps were a nuisance for which she could recover. As to such allegations this court is bound by the decision in *Stanley v. City of Macon*, 95 *Ga. App.* 108, 112 (97 S. E. 2d 330), and the cases there cited which hold as to private nuisances: "This court adheres to the often repeated designation of an actionable private nuisance as one which is 'specially injurious to an individual by reason of its proximity to his home.' *Lewis v. City of Moultrie*, 27 *Ga. App.* 757 (110 S. E. 625); *Stubbs v. City of Macon*, 78 *Ga. App.* 237 (1) (50 S. E. 2d 866); *Kea v. City of Dublin*, 145 *Ga.* 511 (89 S. E. 484); *City Council of Augusta v. Cleveland*, 148 *Ga.* 734 (98 S. E. 345); *Ingram v. City of Acworth*, 90 *Ga. App.* 719 (84 S. E. 2d 99); *Delta Air Corp. v. Kersey*, 193 *Ga.* 862 (20 S. E. 2d 245, 140 A. L. R. 1352). The origin of this limitation on the nuisance doctrine dates back to the common law, which construed nuisance as an infringement on a man's

freehold. Garrett, Nuisances, 3rd. ed., p. 2. It was observed in *State ex rel. Boykin* v. *Ball Investment Co.*, 191 *Ga.* 382, 389 (12 S. E. 2d 574), that our statutory definition of nuisance, which corresponds with that found in Blackstone, 'was not intended to change the common-law definition of a nuisance.' While it is no longer required that the plaintiff in a nuisance case show, as he had to do at common law, a freehold interest in the property affected by the nuisance, and while he no longer need show damage to the realty itself, he must still show that the condition is injurious by reason of its relationship to his home or property in the neighborhood where it is located . . ." Accordingly, where as here the alleged nuisance was not located in or even near the plaintiff's home, no cause of action on the theory of nuisance is set forth. The case of *Davey* v. *Turner*, 55 *Ga. App.* 786 (191 S. E. 382), does not authorize or require a different ruling. There the deceased was a *domestic* servant employed in the tenant's home and was not necessarily not a resident of such premises. Accordingly, no cause of action is set forth by the allegations of the petition which charge that the landing and steps were a nuisance. This of course is not a holding that a city, under its authority, could not abate conditions in buildings, other than homes, which are in fact nuisances.

3. The defendants rely on such cases as *Queen* v. *Craven*, 95 *Ga. App.* 178, supra, which held that the plaintiff's petition was subject to general demurrer where negligence was charged to a contractor who had removed a porch from a dwelling house so that a drop of seven feet from a doorway to the ground was created. That case did not hold that such situation could not be inherently or intrinsically dangerous or imminently dangerous to third persons, but only held that the plaintiff's petition did not allege such facts and that the contractor was not liable in the absence of such allegations after completing his contract and turning back the premises to the plaintiff's landlord.

The contention is made that there is nothing inherently or intrinsically or imminently dangerous about concrete landings and steps, and that concrete landings and steps are in the same category as marble steps which under the decision of this court

in the case of *Holloman* v. *Henry Grady Hotel Co.*, 42 *Ga. App.* 347 (156 S. E. 275), are judicially recognized as a proper material from which to build steps. In the case of *Pettit* v. *Stiles Hotel Co.*, 97 *Ga. App.* 137, 139 (102 S. E. 2d 693), it was said: "The stairs . . . were constructed of marble, and under the decision of this court in *Holloman* v. *Henry Grady Hotel Co.*, 42 *Ga. App.* 347 (156 S. E. 275), judicial cognizance must be taken of the fact that this is a proper material from which to construct stairs, and that even when polished it is not naturally slick and dangerous, and this is true even in view of the decision in *Scott* v. *Rich's Inc.*, 47 *Ga. App.* 548 (171 S. E. 201), by two judges."

While, under the holding of this court in *Holloman* v. *Henry Grady Hotel Co.*, 42 *Ga. App.* 347, supra, marble is judicially recognized as a proper material from which to build stairways, and while under such decision marble is not naturally slick and dangerous even when polished and buffed, such decision is not authority for a holding that marble, when polished and buffed, is a proper material with which to build landings and stairways on the outside of buildings where each and every time it rains they will become wet. While in cases such as *Lebby* v. *Atlanta Realty Corp.*, 25 *Ga. App.* 369 (103 S. E. 433), it has been held that a plaintiff is not in the exercise of ordinary care for his own safety when attempting to walk over a wet floor inside a building, this is not true where the walkway or stairway has been constructed out of doors where such walkway or stairway of necessity becomes wet each and every time it rains.

Marble is a stone which may be finished with a flat surface and used for stairs; it may be ground and buffed to a smooth finish, but if nothing is added to the stone it is still marble and under the above decisions is not naturally slick and dangerous. Concrete, to the contrary, is a mixture of cement and sand and sometimes other ingredients, such as steel or gravel, and the resulting texture and hardness of the finished product depend upon the ratios and quality of the ingredients placed therein as well as the finish placed thereon by the concreter. (See in this connection 15 C.J.S. p. 803; Webster's New Intl. Dictionary, unabridged, 1957 Ed.), and while concrete is sometimes referred

to as *stone* it is not a stone in the same sense as *marble*. Accordingly, while marble is a proper material of which to build landings and steps and is not naturally slick and dangerous even when polished, and while concrete may be manufactured so that it is not naturally slick and dangerous, this court cannot take judicial cognizance that such a slick and dangerous finish cannot be placed on concrete.

The plaintiff's petition alleged that due to excessive troweling with a steel trowel (rather than troweling with a wood float trowel or placing a steel abrasive hardener thereon), the concrete landing and steps were so slick when damp or wet with rain water, (such landing and steps being located on the outside of the building), that persons could not walk thereon without slipping, which condition was imminently dangerous to all third persons walking thereon when rain water was on such landing and steps. Accordingly, accepting as true, as we must when considering a petition on general demurrer, the allegations of the plaintiff's petition (which are not impossible, *Young* v. *Koger*, 94 *Ga. App.* 524, 529; 95 S. E. 2d 385), the petition alleged a condition created by the contractor with the direction and approval of the architects which a jury could find was inherently and intrinsically dangerous, and the fact that the landing and steps were only too slippery to walk on without slipping when wet or damp with rain water does not require a different holding where such landing and steps were located on the outside of a building where they would become damp each time it rained. If the defendants' contentions were true it could as easily be said that a gas heater, designed to be installed with a vent to carry off monoxide gas, would not injure anyone unless it was operated, without a vent being installed, in a house with all the windows closed, and therefore such an installation would not be inherently dangerous.

4. The contention is made that in view of the allegations of the petition to the effect that the owner of the building could, by a reasonable inspection, have discovered such condition the defendants in the present case cannot be held liable because failure of the "owner" to discover and correct the inherently dangerous condition was an intervening and therefore the "sole" proximate cause of the plaintiff's injuries.

This contention is without merit for, as was held in *Davey* v. *Turner*, 55 *Ga. App.* 786, supra, the owner of the realty and the contractor who installed an inherently dangerous appliance, a gas heater without a vent, were joint tortfeasors. The contractor was negligent, in that case, in installing the heater without a proper vent and the owner was negligent in not inspecting the heater to see if it had a proper vent to carry off the monoxide gas. Therefore, this contention of the defendants as to why their general demurrers were properly sustained is without merit.

5. The sole remaining contention is that the plaintiff's petition shows that her alleged injuries were caused by her failure to exercise ordinary care for her own safety. This contention is based on the theory that the plaintiff's petition shows that "by a reasonable inspection" the owner of the building could have determined that the landing and steps were not safe and that therefore if the plaintiff had looked at the steps she too could have determined that they were not safe and have chosen a safer exit from the building. In support of this position the defendants rely on cases exemplified by *Lebby* v. *Atlanta Realty Corp.*, 25 *Ga. App.* 369, supra, where the plaintiff in leaving an office slipped and fell when he attempted to walk down a hall, the floor of which was covered with water preparatory to mopping it, and it was held that the danger, if any, was obvious to the plaintiff and he could have discovered it in the exercise of ordinary care for his own safety.

In the present case the rain water was on a concrete landing and steps located on the outside of a building, which landing and steps were constructed, presumably, with knowledge that whenever it rained they would become wet, and it cannot be said that the plaintiff, as a matter of law, was not exercising ordinary care for her own safety where, as here, she entered such building when such landing and steps were dry and after a rain, which took place while she was inside the building, she fell and was injured while leaving the building by way of the slippery concrete steps. "An invitee is not obliged to inspect the premises to discover latent defects nor even to observe all patent defects. *Lane Drug Stores* v. *Brooks*, 70 *Ga. App.* 878 [29

S. E. 2d 716]." *Misenhamer* v. *Pharr*, 99 *Ga. App.* 163, 166 (107 S. E. 2d 875). Accordingly, under the allegations of the petition in the present case, a case for a jury's determination was made, and the trial court erred in sustaining the defendants' general demurrers and in dismissing the petition.

*Judgments reversed. Felton, C. J., and Quillian, J., concur.*