42425.  HUNT v. STAR PHOTO FINISHING COMPANY.

ARGUED NOVEMBER 9, 1966—DECIDED JANUARY 5, 1967.

*Robert L. Fine*, for appellant.

*Paul H. Anderson, Clarence H. Calhoun, Jr.*, for appellee.

JORDAN, Judge. 1. Defendant Hunt, as sole appellant, insists that in general in Georgia neither an engineer nor an architect is liable as a matter of law to third persons who are not parties to the contract between such an engineer or architect and the owner of a building for faulty workmanship or negligence after acceptance of the building by the owner. He relies upon the rule as stated in the headnote of *Young v. Smith & Kelly Co.*, 124 Ga. 475 (52 SE 765, 110 ASR 186, 4 AC 226), as follows: "An independent contractor is not liable for injuries to a third person, occurring after the contractor has

completed the work and turned it over to the owner or employer and the same has been accepted by him, though the injury resulted from the contractor's failure to properly carry out his contract." The opinion in that case, however, (p. 476) goes further and points out "some modifications of this rule. Among them are cases where the work is a nuisance per se, or where it is turned over by the contractor in a manner so negligently defective as to be imminently dangerous to third persons."

Consideration of other cases cited and relied upon by appellant reveals situations involving recognition or application of the general rule or recognized exceptions, or principles particularly applicable to vendor-vendee relationships. *Richards v. O'Brien Brothers*, 1 Ga. App. 107 (57 SE 907), involved an issue of fact as to whether the contractor had completed the work and surrendered control to the owner under circumstances which would relieve the contractor from liability to an employee of the owner at work on the premises. This court in that case recognized the general rule. *Lane v. Murray Co.*, 63 Ga. App. 844 (12 SE2d 492), was an action to recover for injuries caused by a gin which defendant had installed for plaintiff's employer. This court, in sustaining the dismissal of the petition, pointed out that although the petition disclosed that the injury occurred after the gin was installed and accepted by the owner, it failed to show that the gin as installed was a nuisance per se or so defective as to be imminently dangerous to third persons. In *Higgins v. Otis Elevator Co.*, 69 Ga. App. 584 (26 SE2d 380), this court recognized the general rule and the exception as to work which is inherently or intrinsically dangerous or so negligently defective as to be imminently dangerous to third persons. In considering whether the petition contained enough to amend by, this court refused to absolve an independent contractor for liability to a third party, particularly under circumstances indicating that the contractor had a continuing duty of inspecting the elevator mechanism which may have exploded and caused plaintiff's injuries. In *Queen v. Craven*, 95 Ga. App. 178 (97 SE2d 523), where a tenant sought recovery from a contractor who had removed a back porch for the owner of a dwelling, for injuries sustained

when he walked out the back door and fell, this court recognized and refused to apply any exception in the absence of allegations disclosing that the removal of the porch constituted a nuisance, that the work was inherently or intrinsically dangerous, or that it was imminently dangerous to third persons. In *Hand v. Harrison,* 99 Ga. App. 429 (108 SE2d 814), this court regarded the failure to seal a gas line as a situation imminently dangerous to third persons, citing with approval *Davey v. Turner,* 55 Ga. App. 786 (191 SE 382), which held that the contractor and landlord may be joined as tortfeasors for the alleged installation and maintenance of a heater without a vent to carry away carbon monoxide.

The result reached in *Walton v. Petty,* 107 Ga. App. 753 (131 SE2d 655), an action by the vendee against the vendor-builder because of the alleged defective construction of a building, in sustaining the dismissal of a petition, invoked principles not applicable to the present case. It is noted that certain statements in the opinion in that case, placing limitations on bringing an action for fraud in the concealment of defects in a house, were expressly overruled in *Whiten v. Orr Construction Co.,* 109 Ga. App. 267 (136 SE2d 136), an action in two counts by the vendee against the vendor-builder, based on an alleged imminently dangerous defect concealed by the vendor, one count based on negligence, and the other on creation of a nuisance. In the *Whiten* case it was held that the proper remedy was an action for fraud and deceit, based on actual knowledge of the seller. This was followed in *Morgan Const. Co. v. Kitchings,* 110 Ga. App. 599 (139 SE2d 417). The *Whiten* case, supra, also expressly overruled anything to the contrary in *Kuhr Bros. v. Spahos,* 89 Ga. App. 885 (81 SE2d 491), and dicta to the same effect in *Bray v. Cross,* 98 Ga. App. 612 (106 SE2d 315). Both the *Whiten* and the *Morgan Const. Co.* cases invoke principles particularly applicable to vendee-vendor relationships which are not involved in the present case in the posture presented on appeal.

We are here concerned solely with the right of a person having no contractual relationship with a designing engineer to recover in tort from such engineer for property damage resulting from

the collapse of a roof which the engineer allegedly negligently designed in such a manner that even when properly constructed according to such design, it was inherently or intrinsically dangerous, or so defective as to be imminently dangerous to third persons. Taking the allegations as true, as we must do on general demurrer, we think this situation falls squarely within the exceptions stated, but not applied, in *Young v. Smith & Kelly Co.*, 124 Ga. 475, supra, and as recognized and applied, on the theory of nuisance, in *Davey v. Turner*, 55 Ga. App. 786, supra, p. 788, and, as to an inherently and intrinsically dangerous condition created by a contractor under the direction and supervision of a firm of architects, in *Cox v. Ray M. Lee, Inc.*, 100 Ga. App. 333, 338 (111 SE2d 246). See 65 CJS 1053, Negligence, § 95.

2. *Wellston Co. v. Sam N. Hodges, Jr., & Co.*, 114 Ga. App. 424 (151 SE2d 481) involved an action by the owner of the building at 1500 Southland Circle, N.W., in Atlanta against the building contractor and an architect for damages occasioned by the collapse of the roof in 1961. The allegations of the petition in the present case disclose that this roof was of the same novel design, and was used for the first time in the construction of the building on Southland Circle. In the *Wellston Co.* case it was held that the statute of limitation commenced to run when the negligent acts were committed resulting in damage to the plaintiff in that case, the owner, and not when a portion of the building collapsed. This was based on a determination that legal injury to the owner had resulted long before the collapse of the building. The situation in the present case is entirely different, however, in that plaintiff was a stranger to the premises on Howell Mill Road in Atlanta until 1963, some six years after the building was constructed. "When the question is raised as to whether an action is barred by a statute of limitation, the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.'" *Mobley v. Murray County*, 178 Ga. 388 (1) (173 SE 680).

"The test to be applied in determining when the statute of limitations begins to run against an action sounding in tort

is in whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act is of itself not unlawful in this sense, and a recovery is sought only on account of damage subsequently accruing from and consequent upon the act, the cause of action accrues and the statute begins to run only when the damage is sustained; but if the act causing such subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be." *Barrett v. Jackson,* 44 Ga. App. 611 (2) (162 SE 308); *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (2) (174 SE 365). Generally in a tort action the statute of limitation begins to run when damage from the tortious act is actually sustained. *Chitty v. Horne-Wilson, Inc.,* 92 Ga. App. 716, 719 (89 SE2d 816). Under the facts alleged in this case there was a concurrence of legal injury and actual damage when the roof collapsed, and under the applicable statute (*Code* § 3-1002) plaintiff had four years from this date in which to bring an action.

3. As the petition states a cause of action against defendant Hunt which is not barred by the statute of limitation, the trial judge properly overruled the general demurrers.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*