47229.  WELDING PRODUCTS OF GEORGIA v. 
S. D. MULLINS COMPANY, INC.
47230.  WELDING PRODUCTS OF GEORGIA v. 
R. F. BURTON COMPANY.

Argued May 22, 1972—Decided October 6, 1972—
Rehearing denied November 1, 1972.

*Peek, Whaley & Haldi, William H. Whaley, J. Robert
Hardcastle,* for appellant.

*Poole, Pearce, Cooper & Smith, Walter G. Cooper, Parks
& Eisenberg,* for S. D. Mullins Co.

*Greene, Buckley, DeRieux & Jones, James A. Eichelberger,* for R. F. Burton Co.

BELL, Chief Judge. ■ At the outset it must be determined whether the harsh rule of caveat emptor applies as between these parties. We are concerned with the right of the plaintiff sub-tenant to recover in tort for damage resulting from negligent construction against parties with whom plaintiff had no contractual relationship. It would appear that these cases fall within the exception to the general rule that an independent contractor may be liable to a third person after the contractor has completed work where the completed work product is inherently or intrinsically dangerous or so defective as to be imminently dangerous to third persons. *Cox v. Ray M. Lee Co.,* 100 Ga. App. 333 (111 SE2d 246). In *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1 (153 SE2d 602) we held that this exception applied as between a designing engineer of a roof and a tenant who was damaged when the roof collapsed. There appears to be no logical basis to distinguish *Hunt* from this case. The plaintiff is a third party who has lodged his complaint within the exception to the general rule of nonliability, against a subcontractor of the builder-owner. The defendant-subcontractors bear the relationship of independent contractors to the plaintiff. As defendants are not seller-builders, caveat emptor does not apply. *Amos v. McDonald,* 123 Ga. App. 509 (181 SE2d 515).

■ *Case No. 47229.* The motion for summary judgment of defendant Mullins was supported by the affidavits of two of its employees. Their affidavits show that the work done by Mullins was performed "fully and strictly in accordance and compliance with the plans and specifications" that were furnished by the general contractor, Kuniansky, and that neither had received any information of any defects in the construction or was aware of the same. The evidentiary matter contained in the affidavits fails to carry the burden required of the movant to prove that he is entitled to the grant of a summary judgment. The affidavits in no way pierce the allegations in the amended complaint that the

work performed was inherently and intrinsically dangerous and was so defective as to be imminently dangerous to third persons. Thus, the trial court erred in granting the motion. A jury question remains on the issue raised by the amendment.

■ *Case No. 47230.* (a) Although the judgment appealed in this case purports to be the grant of a motion to dismiss the complaint, there are in the record answers to interrogatories and the appeal will be treated as a motion for summary judgment. This defendant does not argue that he has pierced the amended pleadings by any evidence contained in the answers to the interrogatories. He bases his entire argument on the premise that the amended complaint alleging that the construction was inherently and intrinsically dangerous and so defective as to be imminently dangerous to third persons fails to state a claim for relief under the Civil Practice Act. The argument is made that the general averments of the complaint are insufficient where allegations of this nature are involved and that specific averments are necessary. This has no merit. The pertinent part of the amended complaint alleges improper and faulty construction and erection of the supporting braces of the roof and that "Said roof and building were designed and built negligently and improperly and intrinsically dangerous to third persons . . ." A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If within the framework of the complaint evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. *Mitchell v. Dickey,* 226 Ga. 218 (173 SE2d 695); *Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260). These allegations are sufficient under the Civil Practice Act. There is no requirement of the Civil Practice Act that requires specific allegations in a case where liability is attempted to be established by a third person to an independent contractor on the theory that the construction was so defective as to be imminently

dangerous to third persons. See CPA § 9 (*Code Ann.* § 81A-109).

(b) The defendant in this case also pleaded the statute of limitation. The complaint does show that the building was constructed in 1966; that the roof collapsed in 1970; and that the action was not brought until May of 1971, more than four years after the completion of the building. The case of *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424 (151 SE2d 481) is cited in support of this contention. The *Wellston* case is not in point as it is clearly distinguishable on its facts. There the action was between the building contractor and the owner of the building which had a defective roof which collapsed after the running of the statute. In *Wellston* it was held that the statute of limitation commenced to run when the negligent acts were committed which resulted in immediate damage, although slight, to the plaintiff, the owner of the building. Here this is not the owner of the building but a sub-tenant. No legal wrong accrued to this plaintiff merely because the building may have been defective in 1966, for no legal injury to him had occurred until the roof collapsed in 1970. *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1 (2), supra.

*Judgments reversed. Evans and Stolz, JJ., concur.*