## 53610. McLAUGHLIN v. WRIGHT & LOPEZ, INC. et al.

SMITH, Judge.

Appellant sued for injuries sustained when she fell on an unpaved strip of sidewalk. She appeals alleging as error the trial court's granting of Wright & Lopez' motion for summary judgment. We affirm.

Wright & Lopez, appellee, contracted with Southern Bell to install the telephone conduits which were to service the new addition to Crawford Long Hospital. In performing under the contract appellee excavated a strip of concrete sidewalk in front of the hospital, implanted the conduits, back filled the excavation and placed rock dust over the backfill. Appellee completed the task, leaving the sidewalk unpaved, after a week's work in late April and early May 1973. On the same day appellee left the job, in order to install a fire alarm conduit, Beers Construction Company, general contractor for the hospital, dug up the same strip of sidewalk that appellee had excavated. In August 1973, Beers covered back the excavation with the material removed from it, leaving the walk unpaved; they left the job on September 21, 1973. On October 11, 1973, Mrs. McLaughlin fell on that unpaved portion of sidewalk and suffered the injuries of which she complained. Beers' excavation, begun while appellee was still at the job site and completed months subsequent to the work done by appellee, was sufficient in itself to cause the injury of which Mrs. McLaughlin complained. As a matter of law, the alleged negligence on the part of appellee could not have been the proximate cause of her injury, and therefore, the trial court was correct in granting summary judgment for appellee.

*Judgment affirmed. Bell, C. J., Quillian, P. J., Webb, Marshall and Shulman, JJ., concur. McMurray, J., dissents. Banke, J., dissents specially. Deen, P. J., concurs specially in dissent of Banke, J.*

ARGUED MARCH 1, 1977 — DECIDED JULY 11, 1977 —
REHEARING DENIED JULY 29, 1977 —

*Michael J. Reily,* for appellant.
*Hopkins & Gresham, Thomas P. Gresham, David M. Leonard,* for appellees.

McMURRAY, Judge, dissenting.

Defendant, Wright & Lopez, Inc., under a contract with Southern Bell installed a telephone conduit which was to service an addition to Crawford Long Hospital. In installing this conduit Wright & Lopez dug a ditch approximately 18 inches wide and three feet deep. The four inch plastic conduit was placed at the bottom of this ditch and the excavated area was then back filled with the dirt and rock dust placed on top of it. The strip excavated was through a sidewalk, and the portion of the sidewalk removed in order to dig the ditch was not replaced when Wright & Lopez completed its work in early May, 1973. In August of that year Beers Construction Company, Inc. installed a fire alarm conduit on the same path as the telephone conduit. Beers installed the one inch fire alarm conduit by digging a ditch along the dirt strip left in the sidewalk by Wright & Lopez. The fire alarm conduit was one inch in diameter and buried approximately six inches beneath the surface. Due to the wide disparity between the scale of excavation conducted by Wright & Lopez and that conducted by Beers Construction Company it cannot be presumed that had Wright & Lopez replaced the sidewalk, as required by § 29-64 of the Code of Ordinances of the City of Atlanta, Georgia, that the sidewalk would have been removed to as great an extent by Beers Construction Company in laying one inch fire alarm conduit at a depth of only six inches. Nor can it be presumed that the excavation by Beers Construction Company was sufficient in itself to cause the injury of which Mrs. McLaughlin complained. The Wright & Lopez ditch was both substantially wider and deeper than that made by Beers Construction Company. The possibility exists that any undulations of the sidewalk were caused by improper compaction of the three feet in depth ditch rather than having been caused by the six inch deep ditch of Beers Construction Company. It cannot be said that there is no genuine issue of material fact as to whether

Wright & Lopez was in fact the cause of the alleged defect into which Mrs. McLaughlin stepped and injured herself. Therefore, a genuine issue of material fact remains, and it was improper to grant Wright & Lopez' motion for summary judgment. *Scheer v. Cliatt,* 133 Ga. App. 702 (1) (212 SE2d 29); *Steding Pile Driving Corp. v. John H. Cunningham & Associates,* 131 Ga. App. 338 (206 SE2d 98).

I dissent, as I would reverse the judgment.

BANKE, Judge, dissenting specially.

I concur fully in the dissenting opinion of Judge McMurray. I wish, however, to emphasize one additional point. The majority holds *as a matter of law* that Beers' excavation was sufficient in itself to cause the injury because such excavation was done subsequent to the work of Wright & Lopez, Inc. No citation is supplied for this principle of law, and I have been unable to find such authority. The appellee relies upon the general principle of law that when work is completed by an independent contractor and accepted by the owner, the contractor is not liable to third persons for damages caused by the condition of the work. *Young v. Smith & Kelly Co.,* 124 Ga. 475 (52 SE 765) (1905); *Cox v. Ray M. Lee Co.,* 100 Ga. App. 333 (111 SE2d 246) (1959); *Welding Products of Ga. v. S. D. Mullins Co.,* 127 Ga. App. 474 (193 SE2d 881) (1972). However, there exists an exception to this general rule where an inherently dangerous condition is left behind. See *Cox v. Ray M. Lee Co.,* supra. Since the appellant has shown some evidence that the site was left in an inherently dangerous condition, the appellee cannot prevail on summary judgment merely because its work had already been completed and accepted.

"The burden in summary judgment proceedings is upon the moving party to establish the lack of a genuine issue of fact and the right to judgment as a matter of law; and all doubts as to the existence of such an issue or issues is resolved against the movant. The party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442)." *Simpson v. Dotson,* 133 Ga. App. 120, 122 (210 SE2d 240) (1974). In particular, questions as to diligence,

negligence and proximate cause will not be decided on summary judgment except in clear and indisputable cases in which the minds of reasonable men cannot disagree. *Trotter v. Peet,* 135 Ga. App. 580, 582 (218 SE2d 295) (1975). That this is not such a case is demonstrated by the very fact that the court is divided on it. Accordingly, I would reverse.

DEEN, Presiding Judge, concurring specially in Judge Banke's dissent.

As this case comes to me three differing opinions have been written by Judges McMurray, Smith and Banke.

The words of Dr. Jerome R. Head are appropriate:
"I behold
Men milling madly in a wild melee
As they have done since man's first tale was told,
And each one shouting, 'Come! this way, this way.'
'Which way?' I ask, 'And why?' 'and Where go you?'
'Follow,' each cries. Ah yes, but follow who?"

After careful consideration I feel that I must follow Judge Banke.