## 60406. U-HAUL COMPANY OF WESTERN GEORGIA v. ABREU & ROBESON, INC. et al.

McMurray, Presiding Judge.

In December, 1976, U-Haul Company of Western Georgia purchased a warehouse building and the land on which it was located in Atlanta, Georgia. Prior to this purchase there was no connecti⁻n between U-Haul Company of Western Georgia and the building in question. The three lower floors of the warehouse had been completed in 1949. The architect for that original portion of the building was Stevens & Wilkinson, preparing the architectural and engineering plans in 1948. Its successor architectural firm is Stevens & Wilkinson, Architects Engineers Planners, Inc. Later in 1953 Abreu & Robeson, Incorporated, served as architect for an addition of three floors to the warehouse building. The construction of this addition was completed in 1954.

In April, 1979, the exterior walls of the warehouse building were first noted to contain several cracks and to be "out of plumb" and to have bowed outward. The extent of the structural problems was such that the building was evacuated and the building is being refurbished at owner's expense.

U-Haul Company of Western Georgia, the owner, brought this action against the defendant architectural firms alleging that the structural problems of the walls of the warehouse were due to certain design defects described as "the complete absence of horizontal relieving joints and of vertical control joints in the exterior walls." Plaintiff's complaint alleges that the defendant architectural firms were jointly and severally negligent in performing their professional services in preparing plans and specifications for the warehouse building and as a result thereof plaintiff has suffered damages which this lawsuit seeks to recover.

Defendants jointly filed a motion for summary judgment based upon the statute of limitation. Defendants' motion for summary judgment was granted, and plaintiff appeals. *Held:*

Defendants rely upon the provisions of Code Ann. § 3-1006 (Ga. L. 1968, p. 127) in that more than 8 years have passed since the substantial completion of the warehouse building and the improvements thereto. Plaintiff contends that Code Ann. § 3-1006, supra, is inapplicable to these circumstances as such an application would be retrospective. See *Jaro, Inc. v. Shields,* 123 Ga. App. 391 (181 SE2d 110), which clearly prohibits the retrospective application of the provisions of Code Ann. § 3-1006, supra.

A retrospective application would be one which destroys or impairs vested rights. *Bullard v. Holman,* 184 Ga. 788, 792 (193 SE

586). The rights upon which this action are predicated were not accrued or vested until 1979 when the structural problems were discovered. Before the discovery of these defects, plaintiff had no cognizable cause of action. See in this regard *Welding Products of Ga. v. S. D. Mullins Co.,* 127 Ga. App. 474 (193 SE2d 881); and *Campbell v. Hunt,* 115 Ga. App. 682 (155 SE2d 682). Since the cause of action upon which this action is predicated had not accrued or vested at the time of the enactment of Code Ann. § 3-1006, supra, in 1968, it is not a retrospective application to apply that statute to this case. Although perhaps unclear in this court's decision in *Jaro, Inc. v. Shields,* 123 Ga. App. 391, supra, the inaccurate survey and plat in that action was discovered in 1962 so that the plaintiff's cause of action in that case vested prior to the enactment of Code Ann. § 3-1006, supra.

The trial court did not err in applying Code Ann. § 3-1006, supra, under the circumstances of this case. The time limit for the initiation of this action having passed, the trial court was correct in granting defendants' motion for summary judgment.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 3, 1980 — DECIDED SEPTEMBER 18, 1980 — REHEARING DENIED OCTOBER 10, 1980 —

*George H. Connell, Jr.,* for appellant.
*Jeffrey R. Nickerson, Patricia Cunningham, James P. Groton,* for appellees.