### 36960. U-HAUL COMPANY OF WESTERN GEORGIA v. ABREU & ROBESON, INC. et al.

CLARKE, Justice.

This is a suit for damages in which the plaintiff alleges its warehouse to have been damaged as the result of negligent design. The first portion of the building was constructed in 1949 and floors were added in 1954. U-Haul Company of Western Georgia (hereinafter "U-Haul") purchased the building in 1976 and took possession at that time. When severe cracking of the building was noticed in 1979, the building was evacuated and a complete refurbishing took place. U-Haul then sued Stevens and Wilkinson, Architects, Engineers and Planners, Inc. (hereinafter "Stevens") and Abreu & Robeson, Inc. (hereinafter "Abreu") alleging the damage to the building was the result of their joint and several negligence in the design of the structure and the improvement. The design work for the 1949 structure was performed by Stevens and the 1954 work was designed by Abreu.

In their answers, each defendant firm raised the defense of the statute of limitations and then jointly filed a motion for summary judgment contending that U-Haul's claim was barred by either Code

Ann. § 3-1001 (four years for damage to realty) or Code Ann. § 3-1006 which prohibits damage suits against architects for negligent design after eight years from substantial completion of the improvement. It is undisputed that substantial completion occurred in 1949 and 1954.

Using Code Ann. § 3-1006 as the basis, the trial court granted summary judgment to Stevens and Abreu. U-Haul appealed contending the application of Code Ann. § 3-1006, Ga. L. 1968, p. 127, to prior negligent acts was an impermissible retroactive application of the law. The Court of Appeals affirmed the trial court, holding that since the cause of action did not accrue or vest until 1979, at the time of discovery of the defects, the application of Code Ann. § 3-1006 was not retrospective. *U-Haul Co. v. Abreu & Robeson, Inc.,* 156 Ga. App. 72 (274 SE2d 26) (1980). We granted certiorari and find the defendants were entitled to summary judgment on the ground the claims are barred by Code Ann. § 3-1001.

The Court of Appeals relied on the cases of *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1 (153 SE2d 602) (1967), and *Welding Products of Ga. v. S. D. Mullins Co.,* 127 Ga. App. 474 (193 SE2d 881) (1972), in determining that the cause of action arose in 1979. We find that those holdings do not control this factual situation.

An action for damage to real property must be brought within four years after the cause of action accrues. Code Ann. § 3-1001. A cause of action in negligence accrues and the statute of limitation begins to run when there is a negligent act coupled with a proximately resulting injury. *Wellston v. Hodges & Co.,* 114 Ga. App. 424 (151 SE2d 481) (1966), held that in a suit by the owners of a building, the legal injury resulting from negligent design occurred at the time of the construction, since the building itself was damaged at that time. Therefore, the cause of action accrued and the statute of limitation began to run from construction. The court held a suit brought more than four years after construction when the roof collapsed was barred by the statute of limitation. The court applied the test set forth in *Mobley v. Murray County,* 178 Ga. 388 (1) (173 SE 680) (1933), that "[w]hen the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result." In this case, we are presented with the question of when the cause of action accrues as to the subsequent owner of the building.

*Hunt,* supra, established the right of a person who has no relationship with the designer or builder to recover in tort when damage is suffered as a result of negligent design or construction, where the defective structure was inherently dangerous or imminently dangerous to third persons. The plaintiff was a tenant in

the defective building whose personal property was damaged when the roof collapsed. The collapse occurred more than four years after construction. The court held that since the tenant suffered no actual damage or legal injury until collapse, the cause of action accrued then and was not barred by Code Ann. § 3-1002 which provides a four-year limitation for damage to personal property. The same result was reached in *Welding Products of Ga.,* supra, which held that negligent construction caused no legal injury to a third party, a sub-tenant, until portions of the building collapsed. "No legal wrong accrued to this plaintiff merely because the building may have been defective in 1966, for no legal injury to him had occurred until the roof collapsed in 1970." *Welding Products of Ga.,* supra at 478.

Even though the cause of action for damage to the building accrues at the time of construction, a cause of action for damage to personal property or for personal injury proximately resulting from defective construction does not accrue until these injuries occur. This is a different proposition from the theory that a statute of limitation may be tolled by some other event once the cause of action has arisen. There is no allegation of fraud, nor does the complaint allege that the architects had knowledge of dangerous defects which they were withholding. "The appellate courts of this State have held that mere ignorance of the existence of a right of action, absent the element of fraud, does not toll a statute of limitation." *Everhart v. Rich's, Inc.,* 229 Ga. 798, 803 (194 SE2d 425) (1972).

U-Haul is a subsequent owner of the building and not a tenant or other third party unsuspectingly awaiting damage to his person or personal property. The original owner would be barred from recovering damage to the building itself if suit were not brought within four years of construction. Ignorance that the cause of action existed would not toll the statute. U-Haul is attempting to recover for damage to the building itself as a subsequent owner. The cause of action for damage to the building arose in 1949 and 1954. The statute of limitation for damage to realty, Code Ann. § 3-1001, began to run on that claim at the time of defective construction. When U-Haul acquired the building, it was suffering from a pre-existing defect which amounted to a legal injury. The fact that the building was sold and the present suit is being brought by a subsequent owner does not revive the cause of action which was barred as to the original owners. The grant of summary judgment in the trial court must be affirmed on the ground that the claim is barred by Code Ann. § 3-1001.

*Judgment affirmed. All the Justices concur, except Smith, J., disqualified.*

DECIDED APRIL 29, 1981 — REHEARING DENIED MAY 13, 1981.

568

*George H. Connell, Jr.,* for appellant.
*Jeffrey R. Nickerson, Patricia B. Cunningham, James P. Groton,* for appellees.
*Robert B. Ansley, Jr., J. Ben Shapiro, Jr., Peter R. Weisz,* amicus curiae.

HILL, Presiding Justice, concurring.
I concur in the judgment. However, I think it appropriate to point out that in my opinion Ga. L. 1968, p. 127, Code Ann. §§ 3-1006 through 3-1011, is not only a statute of limitations but also a statute of repose. Rosenberg v. Town of North Bergen, 61 N. J. 190 (293 A2d 662, 666-667) (1972), Oole v. Oosting, 82 Mich. App. 291 (266 NW2d 795, 799-800) (1978); Annot. 93 ALR3d 1242, 1246-1247 (1979).