## TUTTON, Collector, *v.* VITI & Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF PENNSYLVANIA.

Decided April 23d, 1883.

*Customs Duties.*

Marble statues, executed by professional sculptors in the studio and under
the direction of another professional sculptor, whether from models just
made by a professional sculptor, or from antique models whose author is
unknown, are " professional productions of a statuary or of a sculptor,"
liable to a duty of only ten per cent. ad valorem, under the Revised Stat-
utes, § 2504, Schedule M.

Assumpsit to recover back duties alleged to have been ille-
gally collected on works of art.

*Mr. Solicitor-General* for plaintiff in error.
*Mr. Edward Shippen* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This is an action of assumpsit to recover back an excess of
duties paid upon seven marble statues imported from Italy.
The importers contend that these statues were liable to pay a
duty of only ten per cent. ad valorem; but the collector ex-
acted payment of fifty per cent. ad valorem.

The decision of the case turns upon the true construction of
those provisions of the Customs Act which impose upon " All
manufactures of marble, not otherwise provided for, fifty per
cent. ad valorem;" and upon " Paintings and statuary not
otherwise provided for, ten per cent. ad valorem. But the
term 'statuary,' as used in the laws now in force imposing
duties upon foreign importations, shall be understood to include
professional productions of a statuary or of a sculptor only."
Rev. Stat. § 2504, Schedule M.

The material facts, as found by the special verdict returned
in the circuit court, are as follows: Of the seven statues, two
were of boys, taken out and sculptured from antique original
models, the author of which is unknown. The other five

statues were taken out and sculptured from original models, two of angels, made by Achille de Cori, and three, representing Summer, Autumn and Winter, made by Carlo Nicoli, both of whom were professional sculptors of good reputation, and who had won at the Royal Academy of Fine Arts of Carrara the prize of a government pension at Rome; and they were the first productions from those models. All the seven statues were executed by Giovanni Padula and Alessandro Gemignani, professional sculptors, in the studio and under the direction of Pietro Salada, who has been a professional sculptor in Carrara for the last thirty-four years. The cost of the statues of the two boys was 300 lire, or $58, each; of those of the two angels, 690 lire, or $133.40, each; and of those of the three seasons, 480 lire, or $92.80, each.

Judgment was given for the plaintiffs upon the special verdict. See 14 Fed. Rep. 241. The only question presented by the record is whether this judgment was right.

The evident intent of Congress, in putting a much lower duty on statues which are "professional productions of a statuary or of a sculptor" than on other "manufactures of marble," is to encourage the importation of works of art, by distinguishing between the productions of an artist, and those of an artisan or mechanic; between what is done in a sculptor's studio, by his own hand or under his eye, and what is done by workmen in a marble shop.

In the same spirit, Congress has exempted from all duty the importation of "paintings, statues, fountains and other works of art," which are either "the production of American artists," or are "imported expressly for presentation to national institutions, or to any State, or to any municipal corporation." Rev. Stat. § 2505.

There is nothing in the acts of Congress to limit the professional productions of a statuary or sculptor to those executed by a sculptor with his own chisel from models of his own creation, and to exclude those made by him, or by his assistants under his direction, from models or from completed statues of another sculptor, or from works of art, the original author of which is unknown. An artist's copies of antique masterpieces

are works of art of as high a grade as those executed by the same hand from original models of modern sculptors.

The instructions of the Treasury Department (pursuant to which these duties were imposed) and the argument for the appellant proceed upon the ground that the statues were made by men not really professional sculptors, though calling themselves such, and were not real works of art, but mere manufactures of marble by good artisans. If this court were at liberty to consider the testimony sent up with the record, it might perhaps not reach the conclusion at which the jury have arrived. But the insurmountable difficulty in the way of the appellant is that by the special verdict the jury have found in the most explicit terms that all these statues were executed in the studio of a professional sculptor, and under his direction, by two other professional sculptors. These facts being conclusively settled by that verdict, the law requires that the

*Judgment be affirmed.*