WHITE et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 20, 1896.)

1. Customs Duties—Appeal from Board of Appraisers—Conflicting Evidence.

A decision by the board of general appraisers of a question of fact involved in great conflict of testimony, which is affirmed by the circuit court upon a like conflict of testimony, should not be disturbed by the circuit court of appeals.

2. Same—Manufactures of Jute and Flax—Burlaps.

Articles woven of flax, and of jute and flax, less than 60 inches wide, used chiefly for stiffening collars and fronts of coats and other garments, and as bands in trowsers, etc., the goods being known commercially as "canvas," "paddings," "ducks," "coatings," etc., were dutiable as manufactures of flax, under paragraph 371 of the act of 1890, and as manufactures of jute and flax, under paragraph 374, and not as burlaps over 60 inches wide, under paragraph 364. 65 Fed. 788, affirmed.

This is an appeal from a decision of the circuit court for the Southern district of New York affirming a decision of the board of general appraisers sustaining the collector's classification of certain merchandise as manufactures of flax, or of which flax is a component material, under paragraph 371 of the tariff act of October 1, 1890. The importers claim that the articles in question are paddings or canvas from 18 to 24 inches in width, and used chiefly in the clothing trade. A description of the goods, together with a statement of the evidence, will be found in the report of the decision of the circuit court. See 65 Fed. 788.

Stephen G. Clark, for appellants.

James T. Van Rensselaer, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The board of general appraisers had before it a number of importations of jute fabrics, claimed by the importers to be burlaps, and after taking a great deal of testimony as to the character, manufacture, and uses of the goods, and as to the meaning in commerce of the words "burlaps," "canvas," and "paddings," delivered a long and carefully considered decision. In that decision they held that the articles before them, represented by some 30 different samples, were burlaps, and dutiable as such under the act of 1890. An appeal being taken, that decision of the board of general appraisers was affirmed by the circuit court in the Southern district of New York (In Re White, 53 Fed. 787), the court holding that there being conflicting evidence before the board as to whether the articles were commercially burlaps or not, its decision on such evidence would not be disturbed. Subsequently, the goods now before the court, represented by four samples, came before the board upon appeal from the collector; the importers claiming that they, too, should be classified as burlaps. The board held that they were not burlaps, and referred for a statement of the facts involved to their earlier decision, returning in this case the evidence taken in the former one. Except for the fact that the

articles in this case are composed wholly or in part of flax, and are not, perhaps, quite as coarse, the fabric containing more threads to the square inch, there is no difference apparent between the respective importations.

The appellants contend that the board was in error in its finding, apparently on the assumption that it differentiated these importations from the earlier ones because of their material, and refers to the statute (paragraph 364) which provides for duty on "burlaps, not exceeding sixty inches in width, of flax, jute or hemp, or of which flax, jute or hemp, or either of them, shall be the component material of chief value," as sufficient authority for the proposition that burlaps may be made of flax, jute, or hemp. This is a sound argument, but it does not apply, for there is nothing to show that the board decided this case against the importers on any theory that burlaps could only be made of jute. Indeed, a reference to the board's decision in the earlier case shows conclusively that they recognized the fact that there were burlaps of flax and hemp, as well as of jute. The relative coarseness or fineness of the weave is, as all the evidence shows, an important element in determining whether or no an article is burlaps. There was great conflict in the testimony before the board as to what degree of coarseness was essential to constitute burlaps, and; upon that conflicting testimony, the board held that these articles were not burlaps. A similar conflict exists in the testimony taken in the circuit court, and its conclusions ought not to be disturbed. The decision of the circuit court is affirmed.