GARDINER et al. v. WISE, Collector of Customs.

(Circuit Court of Appeals, Ninth Circuit. January 3, 1898.)

No. 299.

CUSTOMS DUTIES—CLASSIFICATION—GROUND BONE.

> Bones which have been submitted to a process of crushing or grinding, producing an article known commercially as crushed or ground bone, which is fit for other than fertilizing purposes, was dutiable as "manufactures of bone," under paragraph 460 of the act of 1890, and was not free as "bones crude, or not burned, calcined, ground, steamed, or otherwise manufactured, * * * fit only for fertilizing purposes."

Appeal from the Circuit Court of the United States for the Northern District of California.

This was an appeal by James H. Gardiner and William H. Thornley from a decision of the board of general appraisers affirming the action of the collector of customs at San Francisco as to the classification for duty of certain imported merchandise. The circuit court affirmed the decision of the board, and the importers have appealed.

Thos. D. Riordan, for appellants.

Samuel Knight, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. This appeal is taken from the decision of the circuit court of the United States for the Northern district of California, affirming the ruling of the collector of customs for the port

of San Francisco and the board of general appraisers sitting at New York, holding dutiable, at the rate of 30 per cent. ad valorem, 4,480 bags of imported bone meal, under the provisions of paragraph 460 of the tariff act of congress approved October 1, 1890, which reads as follows:

"Manufactures of bone, chip, grass, horn, India-rubber, palm-leaf, straw, weeds, or whalebone, or of which these substances or either of them is the component material of chief value, not specially provided for in this act, thirty per cent. ad valorem."

It is the contention of the appellants that the merchandise so imported is not included among the articles made dutiable in paragraph 460, but that it was free, under paragraph 511 of the said tariff act, which provides:

"Bones crude, or not burned, calcined, ground, steamed, or otherwise manufactured, and bone dust or animal carbon, and bone ash, fit only for fertilizing purposes, are admitted free."

The findings of the lower court are that the merchandise is not "bones crude, not burned or otherwise manufactured," and is not bone dust, but is commercially known as crushed or ground bone, produced by submitting crude bones to a process of crushing or grinding, and that the merchandise in question is fit for other than fertilizing purposes. On the hearing before the board of appraisers and before the circuit court, there was conflict in the testimony concerning the extent to which the bones were crushed and broken, and the purpose to be served by the process to which they had been submitted. In such a case, we cannot disturb the findings of the court below. They must be taken as conclusive. White v. U. S., 18 C. C. A. 541, 72 Fed. 251.

There is presented for our consideration, therefore, only the question of the construction to be given to the paragraphs of the tariff act which have been quoted above. On behalf of the appellants it is urged that bone meal, or ground bone, is not a manufacture of bone, as the term is used in section 460; that to crush crude bone is not to manufacture it; and that, after being so crushed, the material remains, notwithstanding its change of form, substantially as it was before, and is in fact, as well as under commercial usage, crude bone. Paragraphs 460 and 511 must be construed together, and in order to determine whether the merchandise in question is crude bone, notwithstanding the fact that it has been crushed or ground, it is only necessary to note the plain language of the latter paragraph. In specifying, as free, crude bones, not burned, calcined, ground, steamed, "or otherwise manufactured," it is clear that burning, calcining, grinding, and steaming are regarded as methods of manufacture, and that bones in their natural condition, not subjected to any such process, are what is meant by crude bones. Any other construction renders senseless and nugatory the words "or otherwise manufactured." That this is the true meaning is further made evident by the remainder of the paragraph. "and bone dust, or animal carbon, and bone ash, fit only for fertilizing purposes." Here exception is made in behalf of manufactured bone which is in the form

of bone dust, or bone ash, or animal carbon, and is fit only for fertilizing purposes. The product in question in this case does not come within this last clause of the paragraph, for the finding of the court below is that it is fit for other than fertilizing purposes. It does not come under the first clause, as we have seen, because it is not "crude bones, not burned, calcined, ground, steamed, or otherwise manufactured."

It is urged that, in case of doubt, the doubt should be resolved in favor of the importer, and that duties are never imposed upon doubtful interpretation. But this is not a case of doubt. The statute is clear, and its meaning is not uncertain or ambiguous. It is so plain that to read it is to construe it. The judgment of the circuit court will be affirmed.