MORRIS EUROPEAN & AMERICAN EXP. CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 18, 1899.)

No. 2,788.

1. CUSTOMS DUTIES—APPRAISEMENT—REVIEW.
    Where a finding of the board of appraisers is wholly without evidence to support it, the court will disregard it.
2. SAME—STATUTES—PROFESSIONAL PRODUCTIONS.
    Statues carved out of wood by a professional sculptor may be admitted free of duty, as "the professional production of a statuary or sculptor," although the design was produced by an artist in the United States.

Appeal by the importers from a decision of the board of general appraisers which sustained the action of the collector of customs in assessing duty upon the importations in question.

Howard T. Walden, for the importers.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, J. In 1897 the appellants herein imported two carved or sculptured figures in oak wood, about 3½ feet in height, representing adoring angels, of conventional design, produced in France from drawings executed by a professional architect and sculptor in the United States. They were assessed for duty at 25 per cent. ad valorem, under paragraph 181 of the act of 1894, as "manufactures of wood not specially provided for." The importers protested, claiming that they were free, as "statuary, the professional production of a statuary or sculptor." The board of appraisers found as follows:

"That these articles are not the professional production of a statuary or sculptor, who conceived the design and executed the originals or models thereof, but are mechanical productions executed by artisans, and by mechanical means."

It appears that the statuary in question was not before the board as a basis for said finding, and it was not produced in this court. If the decision of said board were based upon conflicting evidence, I should hesitate to disturb it, under the decision in White v. U. S., 18 C. C. A. 541, 72 Fed. 251. But inasmuch as said finding that this statuary is "mechanical productions executed by artisans, and by mechanical means," is wholly without evidence to support it, it is the duty of this court to disregard it, under In re Van Blankensteyn, 5 C. C. A. 579, 56 Fed. 477. The only evidence produced was the declaration of the sculptor, Marquis, a consular certificate, and the sketches and testimony of the architect and sculptor who made said sketches, and who testified that said Marquis was a well-known sculptor, whose work was represented at the Salon in Paris, and that in order to produce such statuary he would have to make a model in clay, which would be transferred to plaster, and from the plaster the statue would be finished in whatever material might be called for.

The single question in this case is whether these statues are the professional productions of a sculptor. In passing upon the question whether they are or are not professional productions, I do not mean to be understood as holding that the testimony or affidavit of the sculptor is conclusive; nor do I wish to be understood as assenting to the argument of counsel for the importers that it is only necessary that the work be done by a professional sculptor, even if it be not a work of art. The courts have frequently held that the object of this statute is to encourage the importation of works of art done by or under the hand or eye of a sculptor or artist. It seems clear that congress has meant, by the term "professional productions," productions so in the line of the sculptor's profession as to constitute artistic works. In the present case there is no evidence that this is not the professional work of the sculptor, and inasmuch as it appears that he is a sculptor of high professional standing, and inasmuch as he has declared upon oath that he is a sculptor or statuary by profession, and that the statuary mentioned and described in the accompanying invoice was executed by him, and inasmuch as the consular agent has testified that these statements are true to the best of his knowledge and belief, I think it is sufficiently proved, in the absence of contradictory evidence, that it is his professional production, irrespective of the additional statement to that effect in his affidavit. The contention founded on the fact that the design was produced by an artist in this country is disposed of by the decision of the supreme court of the United States in Tutton v. Viti, 108 U. S. 312, 2 Sup. Ct. 687, where it was held that professional productions of a statuary were not limited to these executed from models or from completed statues of another sculptor, or from antique masterpieces, and by the decision in Merritt v. Tiffany, 132 U. S. 169, 10 Sup. Ct. 52. The decision of the board of general appraisers is reversed.