UNITED STATES v. MORRIS EUROPEAN & AMERICAN EXP. CO., Limited.

(Circuit Court of Appeals, Second Circuit. April 3, 1900.)

No. 84.

CUSTOMS DUTIES—CLASSIFICATION—STATUARY.

Carved figures or statues in wood, made by a professional statuary or sculptor from designs made by another professional statuary or sculptor, shown by full-sized drawings, in the making of which statues it was, necessary to first model them in clay, and then take a plaster cast, from which the work in wood was done, are "statuary," entitled to free entry, under paragraph 575 in the free list of the tariff act of 1894, and are not dutiable as manufactures of wood, under paragraph 181.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York (94 Fed. 643), reversing a decision of the board of general appraisers which affirmed a decision of the collector of the port of New York touching the classification for duty of certain merchandise imported under the tariff act of 1894.

Henry C. Platt, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The articles in question are two carved or sculptured figures in oak wood, about 3½ feet in height, representing adoring angels of conventional design, produced in

France from drawings executed in this country. The collector as-- sessed them for duty under paragraph 181, which reads:

"House or cabinet furniture of wood, wholly or partly finished, manufac-- tures of wood or of which wood is the component material of chief value, not specially provided for in this act, twenty-five per centum ad valorem."

The importer protested, claiming that its importation came within. the provisions of paragraph 575:

"Paintings in oil or water colors, original drawings and sketches, and artists' proofs of etchings and engravings, and statuary not otherwise provided for in this act, but the term 'statuary' as herein used, shall be understood to include only professional productions, whether round or in relief, in marble, stone, alabaster, wood or metal, of a statuary or sculptor," etc.

The extremely meager record in this cause, read in connection with the decisions of the supreme court, seems to make but one con- clusion possible. Uncontradicted testimony shows that, in order to make these statues from the design shown in the full-sized drawings which were sent over, a clay model has first to be made; then the clay model is transferred into plaster, so that it will be permanent; and then, from the plaster, the actual finished work in wood is carried on. We know of no reason for holding that the embodying of a concep- tion in the clay model is not the "professional production" of a statu- ary or sculptor. Certainly there is no testimony warranting such holding. And it is undisputed that the completed statue remains the artist's production, although nearly all the work of removing the superfluous material of the original block be done by others under his direction. It might be contended that a completed statue could fairly be regarded as the professional product of the statuary or sculptor only when the design which it embodied was his own concep- tion. We should be inclined to that conclusion were it not for the fact that the supreme court in Tutton v. Viti, 108 U. S. 312, 2 Sup. Ct. 687, 27 L. Ed. 737, held that there was nothing in the acts of con- gress to limit the professional productions of a statuary or sculptor to those executed by him from models of his own creation, and that it is sufficient if the original is the work of another artist. Merritt v. Tiffany, 132 U. S. 167, 10 Sup. Ct. 52, 33 L. Ed. 299. The declara- tion of the sculptor annexed to the invoice and sworn to before the consular agent states that the articles in controversy were executed by him, and were "professional productions" of his, and that he is "a sculptor or statuary by profession"; but, in addition to this declara- tion, which by itself would, perhaps, be entitled to little weight, there is the evidence of a witness examined before the board who testified that L. Marquis, the statuary in question, is a "well-known man in France, * * * a most prominent sculptor"; that "he exhibits at the various exhibitions, and in the spring of 1897 was represented at the Paris Salon." This is uncontradicted. The same witness, who conceived the original design, and represented it in the full-sized drawing which was sent to Marquis, testified that he himself was an architect, and sculptor, and painter, having been engaged in those professions for seventeen years; that he has been president of the Art Students' League for two years, vice president of the Architectural League for three years, and, at the time he testified, second vice presi-

dent of the Sculptors' Society. In the absence of anything to contradict this testimony, we cannot disregard it, and see no reason for rejecting the conclusion that the conception or design was the work of one "statuary or sculptor," and the embodying of that conception or design in the clay, plaster, and wood the work of another, and so within the decisions cited above. The board of general appraisers found that these articles "are not the professional production of a statuary or sculptor who conceived the designs." That is so, but, under the decisions above cited, the circumstance that he did not "conceive the design" is immaterial. The board further finds that they "are mechanical productions executed by artisans and by mechanical means." We have searched the record in vain for a scintilla of evidence to sustain this finding. There is some general testimony introduced from another proceeding where certain busts, single figures, and groups in marble, alabaster, and bronze representing familiar subjects already embodied in marble, such as the Venus of Milo and the Cupid and Psyche of Canova, were under consideration; but that testimony does not meet this case, where one "statuary or sculptor" conceives the design and represents it on paper, and another "statuary or sculptor" embodies such conception in the clay model, and eventually in wood. The process may in fact be mechanical, but we cannot find it so without some proof. The decision of the circuit court is affirmed.