## SIBBEL v. UNITED STATES.

### (Circuit Court, S. D. New York. May 31, 1900.)

#### No. 2,987.

1 CUSTOMS DUTIES—CLASSIFICATION—STATUARY.

A marble figure, produced in the establishment of a professional sculptor, under whose instructions the original model was made, and who gave such oral instructions and other supervision as were necessary to insure a faithful reproduction of the design, is held to be "statuary," within the meaning of paragraph 454, Schedule N, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1678), where it is provided that that term, wherever used in the act, "shall be understood to include only such statuary * * * as is the professional production of a statuary or sculptor only."

2. SAME—SPECIMEN OF SCULPTURE.

A marble statue is a specimen of sculpture, within the meaning of paragraph 649, Free List, § 2, c. 11, Tariff Act July 24, 1897, 30 Stat. 201 (U. S. Comp. St. 1901, p. 1687), covering "specimens or casts of sculpture."

Appeal by the importer, Joseph Sibbel, from the decision (G. A. 4520) of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York.

The question at issue is whether a certain sculptured marble figure is "statuary," within the meaning of that term as defined in paragraph 454, Schedule N, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1678), which provides: "The term 'statuary' as used in this act shall be understood to include only such statuary as is cut, carved, or otherwise wrought by hand from a solid block or mass of marble, stone or alabaster, or from metal, and as is the professional production of a statuary or sculptor only." The board held that the article was not "statuary" as thus defined, this conclusion being based on the following finding of fact: "The articles are not original productions of a professional statuary or sculptor who conceived the designs and executed the clay models thereof, nor are they replicas or copies produced therefrom by others under his immediate direction or supervision and to which he has given finishing touches and expression; neither are they artistic copies produced by a professional sculptor from a model or original work designed and executed by another professional sculptor, but are copies or reproductions by artisans, or by mechanical means, in industrial establishments, and are of a class so produced in large numbers for sale at list prices, according to design, size, and finish, as shown in illustrated catalogues, and are not the 'professional productions of a professional statuary or sculptor only.'"

Albert Comstock, for importer.

Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge. The article in question is a marble figure of Christ, imported for the Convent of the Sacred Heart. It was assessed for duty at 50 per cent. ad valorem under paragraph 115, Schedule B, § 1, c. 11, Act July 24, 1897, 30 Stat. 159 (U. S. Comp. St. 1901, p. 1636), as "manufactures of * * * marble, * * * not specially provided for," and claimed as free under paragraph 649, Free List, § 2, c. 11, of said act, 30 Stat. 201 (U. S. Comp. St. 1901, p. 1687), as "statuary, and specimens or casts of sculpture, where specially imported in good faith for the use and by order of

any society incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes." If this figure be statuary, it is not essential that it should be "the production of a sculptor who conceived the designs and executed the clay models thereof," nor "replicas or copies produced therefrom by others under his immediate supervision, and to which he has given finishing touches and expression." It appears that the original model was made under his written instructions, supplemented by verbal directions given by him at the establishment in France, and that there was such supervision as was necessary to insure a faithful reproduction of the design. In any event, this statue is a specimen of sculpture, and was imported in good faith, under the conditions provided for in said act.

A great deal of testimony has been taken as to the intended uses of the statue, the character of Sibbel's establishment where the statue was cut, the prices at which statues had been sold therein, and as to the standpoint of high art. The evidence shows that this figure should be free within the decision of the United States Circuit Court of Appeals in U. S. v. Morris European & American Express Company, 41 C. C. A. 240, 101 Fed. 111.

The decision of the Board of General Appraisers is reversed.