**AMERICAN STATES INSURANCE COMPANY, an Indiana corporation, et al., Plaintiffs,**

v.

**The TAUBMAN COMPANY INC., a Michigan corporation, Defendant.**

**ELECTRIC SERVICE COMPANY, a Michigan corporation, Defendant and Third Party Plaintiff,**

v.

**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, a Mutual Insurance Company doing business in Michigan, Third Party Defendant.**

**Civ. A. No. 36411.**

United States District Court, E. D. Michigan, S. D.

Dec. 4, 1972.

Julius Denenberg, Detroit, Mich., for plaintiffs.

Ivin E. Kerr, Detroit, Mich., John K. Grylls, Troy, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

The plaintiffs in this case are the fire insurers of Arborland Shopping Center, Inc., Faber Fabrics, Federal's, Inc., and Shifren-Willens, Inc.

Faber Fabrics, Federal's and Shifren-Willens were each lessees of buildings in the Arborland Shopping Center, the buildings being owned by Arborland Shopping Center, Inc.

This suit has been brought to recover losses sustained by each of the plaintiffs' insureds in a fire that occurred on April 30, 1970. Defendants are the general contractor who built the shopping center and its electrical subcontractor; their agents are alleged to have negligently installed a lighting fixture in the ceiling of the building leased by Shifren-Willens, said light fixture being the cause of the fire that resulted in extensive damage to the above named insured. The plaintiffs herein, pursuant to obligations under their respective insurance policies, indemnified their insureds for losses sustained and now bring this action for negligence by right of subrogation.

Defendants have moved this court to dismiss the claims of the various plaintiffs on the ground that the Statute of Limitations has run.

The Michigan Statute of Limitations provides that "no person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within . . . 3 years." M.C.L.A. § 600.-5805. A second provision provides a definition for the word "accrues", " . . . the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." M.C.L.A. § 600.5827.

The key dates to the solution of the problem presented by defendants' motions are these:

February 27, 1962—the date the shopping center was completed. The alleged improper wiring occurred prior to that time.

April 30, 1970—the date of the fire causing the damage paid for by the plaintiffs and the subject of this suit.

April 27, 1971—the date this complaint was filed.

■ The first problem in applying the statute is to determine if the claim asserted by each plaintiff first accrued to that plaintiff or first accrued to "someone through whom he claims", M.C.L.A. § 600.5805, for the three year period for bringing claims begins to run at the earliest of these dates.

■ Under the doctrine of subrogation a party not a volunteer who has paid a debt succeeds to all of the rights of the creditor whom he has paid, subject to all of the defenses that may have been asserted against that creditor. The subrogee acquires those rights, but only those rights held by the subrogor. Hartford Acc. & Indem. Co. v. First National Bank & Trust of Tulsa, Oklahoma, 287 F.2d 69 (10 Cir., 1961).

■ Since the plaintiff insurance companies have paid the claims they obligated themselves to pay under their respective policies, they are now subrogated to the rights and subject to the defenses heretofore assertable by and against their respective insureds. It is clear that all plaintiffs claim through their respective insureds. Thus the statute as to each plaintiff runs from a date no later than the date the claim "first accrued" to the respective insureds.

Three of the four insureds, Faber Fabrics, Federal's and Shifren-Willens are lessees of the fourth, Arborland Shopping Center, Inc. Is Arborland, their lessor, one "through whom (they) claim"? The right of a lessee to recover damages for negligence of a third person for damage to its property is in no way dependent on the right of the lessor. Of course, it is possible a provision in the lease might affect such rights and provide for a contractual assignment of risk for such acts but none have been called to the court's attention in this case. The three lessees do not claim through their lessor. Thus the rights of each plaintiff insurance company to sue for damages as a result of the negligence of the defendants accrued as of the date the cause of action accrued to each of their respective insureds.

## CLAIMS OF LESSEE INSURERS

The record does not state for what period of time each lessee occupied the premises but for the purpose of this motion it will be assumed they occupied the premises since the date of completion, 1962. As to these lessees nothing has happened to create all parts of a cause of action until their property was damaged in 1970. This was when the damage was done as a result of the alleged negligence occurring prior to 1962.

Section 600.5827 of the statute defines the word "accrues" to be "the time the wrong upon which the claim is based was done regardless of the time when damage results." The Supreme Court of Michigan has only recently given a definitive interpretation to these provisions of the Statute of Limitations. Connelly v. Paul Ruddy's Equipment Repair & Service Company, 388 Mich. 146, 200 N.W.2d 70 (1972). In this case the plaintiff was injured by a press on May 12, 1965. Action was commenced May 10, 1968. The defendant Ruddy repaired the press between February 1 and March 15, 1965. The defendant is alleged to have been negligent at this time in the repair of the press. The court held the cause of action to have accrued on May 12, 1965, the date on which the damages first occurred to the plaintiff and the cause of action was complete.

"In the case of an action for damages arising out of tortious injury to

a person, the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint.

"Those elements are four in number.

(1) The existence of a legal duty by defendant toward plaintiff.

(2) The breach of such duty.

(3) A proximate causal relationship between the breach of such duty and an injury to the plaintiff.

(4) The plaintiff must have suffered damages.

"Defendants argue that the statutory provision ' * * * the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results' means, in the context of this case, that claims against them are barred, since breach of duty claimed against them must have occurred prior to March 15, 1965, more than three years before action was commenced.

"Defendants contend that the word *wrong* refers to an act of carelessness or negligence in repairing or handling the press. By their view, the word *damage* refers to the personal injury suffered by the plaintiff on May 12, 1965, the day that the press malfunctioned.

"Defendants claim that interpreting the word *wrong* to mean *actionable wrong, tort, harm* or *injury* is to broaden the meaning of that word, and render the word *damage* entirely meaningless.

"It is argued by the plaintiff that under such a view, her claim is barred before she was hurt. She would never have been able to commence an action at all.

"By that interpretation, plaintiff says, the statute is not one of limitation but one of abolition, completely destroying her cause of action before it arises.

"Defendants counter by pointing out that the statute of limitations is a statute of repose, designed to protect defendants from stale claims; that this is an industrial state and it is therefore reasonable to conclude that the legislature intended to protect industrial and commercial interests by fixing a certain limit upon exposure to liability for faulty products and workmanship.

"We cannot accept the defendants' view. However desirable the stated objectives might be, it is doubted that such was the legislative purpose. The statute in question is the Revised Judicature Act. It was drawn, as defendants point out, by a distinguished committee of lawyers, known as the Joint Committee on Michigan Procedural Revision. The purpose of the Act was to effect procedural improvements, not advance social, industrial or commercial policy in substantive areas."

■ This opinion forces us to look at the time when the cause of action becomes complete. In that case the cause of action became complete when the damages first occurred. The court also made it clear that the clause "regardless of the time when damage results" is intended to prevent subsequent damages from extending the period of limitations. "Once all the elements of an action . . . including the element of damage, are present, the claim accrues and the statute of limitations begins to run. Later damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred." Connelly v. Paul Ruddy's Service, supra. See also Prosch v. Yale, 306 F.Supp. 524 (E.D.Mich.1969); Rush v. Pierson Contracting Company, 310 F. Supp. 1389 (E.D.Mich.1970); and Crocker v. McCabe-Powers, 321 F.Supp. 1154 (E.D.Mich.1970).

■■ Each of the above cited cases involved a claim for personal injury made by a person who had no previous

relationship to the defendant. Prior to injury plaintiffs in these cases could not have sued, for no cause of action had yet arisen.

This is very much like the lessees, Faber Fabrics, Federal's and Shifren-Willens and their respective insurers in this case. As indicated earlier, they do not claim through Arborland. The lessees were not party to the construction contract and thus had no cause of action against defendant for the alleged faulty wiring on that contract. There was thus no actionable wrong prior to the damages caused by the fire on April 30, 1970. Since this is well within three years of the filing of this suit, these claims are not barred by the statute, and the insurers of these lessees are not precluded. Connelly v. Paul Ruddy's Service, supra.

## CLAIMS OF SHOPPING CENTER INSURER

The claim of the plaintiff insurer of Arborland Shopping Center, Inc., requires a different analysis. Arborland dealt directly with the defendants. Contract rights existed between them. If this were a contract action for breach of contract between the plaintiffs insured and the defendant the period of limitation would be six (6) years, M.C.L.A. § 600.5807, from the time of the breach, in this instance no later than 1962. If this were a warranty action the period would run from the date the breach was discovered or should reasonably have been discovered. M.C.L.A. § 600.5833. However, in this case in the plaintiff's answer to the motion to dismiss the plaintiff denies that this is a warranty claim stating "plaintiffs have not asserted any claim to date based upon warranty, either express or implied."

The thrust of other sections of the statute of limitations point up the care with which the legislature has taken to spell out the respective rights of the parties to claim the statute of limitations or to avoid its application. In malpractice claims against persons who hold themselves out to be members of a state licensed profession, the claim accrues only at the time of last treatment or service out of which the claim arose. M.C.L.A. § 600.5838. Claims against architects and engineers are cut off irrevocably six (6) years from the date of occupancy, use or acceptance of the completed improvement. M.C.L.A. § 600.-5839. The same rule applies to surveyors. M.C.L.A. § 600.5839. A claim on an open account accrues at the time of the last item proved on the account. M.C.L.A. § 600.5831.

The claim in this action is for damage to property, the very property subject to contractual relationships between Arborland and the defendants. As to claims for damage to that property, the defendants stand in a different relationship to Arborland than they do to the lessees of Arborland who were strangers to that relationship. The alleged negligence of the defendant necessarily at that time affected that property in some degree. Property provided in a damaged condition or property built with a defect has lesser value than that which should have been provided or built. A building having a lighting fixture that is defective or which might short out is of lesser value than one having a perfect fixture. Under the theory of *Connelly*, the cause of action accrues at the point in time when the wrong has occurred and some damage has resulted.

The carefully worked out legislative scheme of the statute of limitations, which sets out in detail all of the exceptions to this rule, supports the conclusion that in cases where the parties have been dealing with each other, and a wrong is done and some damage results, the cause of action accrues at that time rather than later when damages are markedly increased. The language and philosophy of *Connelly* requires the statute to begin to run as to the insurer of Arborland no later than 1962.

Since the plaintiff has expressly negatived asserting a claim based on warranty, notice of the defect or wrongdoing is

not significant. Weeks v. Slavik Builders, 24 Mich.App. 621, 180 N.W.2d 503, 384 Mich. 257, 181 N.W.2d 271 (1971).

The claim of American Motorists Insurance Company, insurers of Arborland Shopping Center, Inc., must be and is hereby dismissed because the statute of limitations has run against its insured. The motions to dismiss the claims of American States Insurance Company, Great American Insurance Company and Commerce & Industry Insurance Company are denied.

Other claims of the defendants are without merit.

So ordered.