OOLE v OOSTING

Docket Nos. 31461–31468. Submitted February 9, 1978, at Grand
    Rapids.—Decided April 3, 1978. Leave to appeal applied for.

Complaints by Anne and John Oole and by James Carpenter
    against James and Katrina Oosting for damages for injuries
    suffered by the plaintiffs when a wooden deck attached to the
    Oosting's home collapsed. The complaints were amended to
    include as defendants E. John Knapp and James G. Terzes,
    registered architects, Paul Newhof, a registered engineer, and
    Fred W. Moss and Albert Casemier, the contractors who con-
    structed the deck. The added defendants moved for accelerated
    judgment based upon a six-year statute of limitations. The
    Kent County Circuit Court, R. Stuart Hoffius, J., held the
    statute to be inapplicable and denied the motions. All of the
    added defendants appeal by leave granted, and the appeals
    were consolidated for hearing and decision. *Held:*

    1. The statute of limitations which precludes suit against
    engineers and architects for damages for injury arising out of a
    defective or unsafe condition of an improvement to real prop-
    erty more than six years after the improvement is occupied
    does not extend to contractors.

    2. The statute has no constitutional limitations where the
    injury arising out of a defective or unsafe condition occurs after
    the expiration of a six-year period of occupancy.

    Affirmed in part, reversed in part, and remanded.

1. ACTION—CLAIMS—COMPLAINTS—ACCRUAL OF CLAIM.

    A claim accrues when all of the elements of the cause of action
    have occurred and can be alleged in a proper complaint.

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Actions § 88.
[2, 5] 17 Am Jur 2d, Contracts § 357.
    51 Am Jur 2d, Limitation of Actions §§ 64, 65.
    Architect's liability for personal injury or death from improper
    plans or design. 59 ALR2d 1081.
[3] 73 Am Jur 2d, Statutes § 185.
[4] 51 Am Jur 2d, Limitation of Actions §§ 27, 28.

2. Limitation of Actions—Improvement to Real Property—Archi-
   tects and Engineers—Contractors—Statutes.

   A statute which precludes suit by any party against engineers and architects for damages for injury arising out of a defective or unsafe condition of an improvement to real property more than six years after the time of occupancy of the completed improvement, use or acceptance thereof, does not extend that limitation to contractors, and a review of the history of the statute does not reveal an intent by the Legislature to so include contractors (MCLA 600.5839[1]; MSA 27A.5839[1]).

3. Statutes—Constitutional Law—Abrogation of Common-Law
   Right.

   The enactment of a statute which expressly extinguishes a common-law right is a proper exercise of legislative authority (Const 1963, art 3, § 7).

4. Limitation of Actions—Constitutional Law—Due Process—
   Statutes of Limitations—Time to Bring Suit.

   Due process requires that a statute of limitations afford a reasonable time within which suit may be brought.

5. Limitation of Actions—Constitutional Law—Improvements to
   Real Property—Architects and Engineers—Statutes.

   A statute which provides that a suit against architects or engineers for damages for injuries sustained because of defects in an improvement to real property must be brought within six years of the time of occupancy, use or acceptance of the improvement is constitutional where it prevents an injured person from recovery where the injury occurs after the expiration of the six-year period (MCLA 600.5839[1]; MSA 27A.5839[1]).

*DeGroot, Kalliel, Triant & Conklin, P. C.,* for plaintiffs.

*Catchick & Dodge,* for defendant James G. Terzes.

*Warner, Norcross & Judd* (by *Peter L. Gustafson),* for defendants Fred W. Moss and Albert Casemier.

*Hillman, Baxter & Hammond* (by *Joel E. Krissoff*), for defendant E. John Knapp.

*Allaben, Massie, VanderWeyden & Timmer* (by *Timothy I. Miner*), for defendant Paul Newhof.

Before: J. H. GILLIS, P. J., and R. B. BURNS and ALLEN, JJ.

R. B. BURNS, J. Plaintiffs Anne and John Oole and James Carpenter were injured when a wooden deck which was part of the residence of defendants James and Katrina Oosting gave way on July 10, 1973. Suit was brought against the Oostings on January 31, 1975, and plaintiffs subsequently amended their complaints on June 26, 1975, to allege negligence by the designers and builders of the deck. This amendment added as defendants E. John Knapp and James G. Terzes, registered architects, Paul Newhof, a registered engineer, and Fred W. Moss and Albert Casemier, contractors. The added defendants moved for accelerated judgments because the suits were brought more than six years after the residence was occupied by the Oostings in 1966, and therefore allegedly barred by MCLA 600.5839(1); MSA 27A.5839(1). The trial court held the statute was inapplicable, and denied the motions. We granted leave to appeal, and affirm as to Moss and Casemier, but reverse as to Knapp, Terzes and Newhof.

The statute which we must interpret provides:

"No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional

engineer performing or furnishing the design or super-
vision of construction of such improvement more than 6
years after the time of occupancy of the completed
improvement, use or acceptance of such improvement.
This limitation shall not apply to actions against any
person in actual possession and control as owner, ten-
ant or otherwise, of the improvement at the time the
defective and unsafe condition of such improvement
constitutes the proximate cause of the injury or damage
for which the action is brought." MCLA 600.5839(1);
MSA 27A.5839(1).

Subsection (2) provides similar protection for li-
censed land surveyors.

The trial court, relying by analogy upon *Ameri-
can States Insurance Co v Taubman Co, Inc,* 352 F
Supp 197 (ED Mich, 1972), decided the statute did
not apply where plaintiffs had not dealt directly
with defendants. In *American States Insurance Co*
insurance companies subrogated to the rights of
the owner of a shopping center and its lessees sued
defendants who had negligently installed a light
fixture which caused a fire eight years later. The
applicable negligence statute of limitations re-
quired suit to be brought within three years of
when the claim first accrued to the subrogor.
MCLA 600.5805; MSA 27A.5805. A claim accrues
when all of the elements of the cause of action
have occurred and can be alleged in a proper
complaint. MCLA 600.5827; MSA 27A.5827, *Con-
nelly v Paul Ruddy's Equipment Repair & Service
Co,* 388 Mich 146; 200 NW2d 70 (1972). Because
the owner had dealt directly with the defendants,
a cause of action against the defendants had ac-
crued as soon as the fixture was negligently in-
stalled, for the owner had as a result suffered
immediate damage; suit was therefore barred.
However, the lessees, who had no contractual
relationship with the defendants, had no cause of

action accrue until the fire occurred, causing the damages; suit was therefore not barred.

Unlike most statutes of limitations, the time period in the instant statute starts to run from the time of occupancy, use or acceptance of the improvement, and not from the time the cause of action accrues. Although direct dealing may be relevant in some cases as to when a cause of action accrues, *American States Insurance Co, supra,* it is irrelevant when the time period does not begin to run when the cause of action accrues. The plain wording of the instant statute bars actions by *all* persons who fall within its provisions, and not only those who have dealt directly with the persons who made the improvements.

The Court in *American States Insurance Co, supra,* at 201, implied in dictum that only architects and engineers enjoy the six-year cut-off in liability under the instant statute. Defendants Moss and Casemier submit that the statute cuts off claims against all persons who make improvements to real property, as well as actions for contribution and indemnity against architects and engineers.

We must look to the Legislature's intent at the time it passed the statute to determine if it meant to include contractors. A history of the bill indicates that it was first introduced in the Senate February 9, 1967. It read in part:

"A claim based on the improper design planning, supervision or construction of an improvement to real property by state licensed architect or engineer accrues at the time such architect or engineer discontinues such services."

Contractors were not mentioned and the bill definitely applied only to architects and engineers.

March 31 the Committee on Judiciary reported out the bill favorably with amendments. One amendment stated: "This section shall include registered land surveyors as defined in section * * * ".

The bill was further amended in the House and returned to the Senate June 15th. June 16th the House amendments were approved by the Senate.

Contractors were not mentioned.

At the present time there is pending in the Legislature Senate Bill No. 111, introduced February 8, 1977, which would amend the act in question and include contractors.

Therefore, in our opinion the Legislature did not intend to include contractors when the bill was passed in 1967.

Defendants Ross and Casemier have argued that the statute should be interpreted as including within its protection contractors in order to avoid substantial equal protection problems. We feel legislative history cannot support that interpretation. Because Ross and Casemier have not requested in the alternative that the statute be held unconstitutional, we do not reach the merits of the equal protection issue.

Plaintiffs argue that the statute deprives them of property without due process, because their claims were barred before they had an opportunity to sue. Similar arguments have been made to the Supreme Court as to other statutes of limitations.

In *Connelly v Paul Ruddy's Equipment Repair & Service Co, supra,* defendants urged the Court to construe MCLA 600.5827; MSA 27A.5827 as providing that a negligence action accrues at the time of the negligent act, and not at the time all of the elements, including damages, are present. Under this construction the statute would abolish a cause

of action for negligence if the negligent act was followed by injury within the three-year period. MCLA 600.5805(7); MSA 27A.5805(7). The Court avoided this construction by finding it inconsistent with the intent of the Legislature.

In *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973), the Court interpreted MCLA 600.5838; MSA 27A.5838, which at that time provided that a claim for malpractice accrued at the time of last treatment or service as to the matter out of which the claim arose. The defendants argued that a claim accrued at the date of last treatment whether or not the plaintiff was aware of the malpractice. The Court drew a distinction between statutes intended to abrogate a common-law cause of action and statutes of limitation. A statute which expressly extinguishes a common-law right is a proper exercise of legislative authority. *Bean v McFarland,* 280 Mich 19; 273 NW 332 (1937). A statute of limitation is one which requires a person who has a cause of action to bring suit within a specified period of time. Due process requires that a statute of limitation afford a reasonable time within which the suit may be brought. *Price v Hopkin,* 13 Mich 318, 324 (1865).

"Since '[i]t is of the essence of a law of limitation that it shall afford a reasonable time within which suit may be brought * * * ', *Price, supra,* a statute which extinguishes the right to bring suit cannot be enforced as a law of limitation. As to a person who does not know, or in the exercise of reasonable diligence could not ascertain within the two year period that he has a cause of action, this statute has the effect of abolishing his right to bring suit.

"Such a statute, if sustainable at all could be enforced only as one intended to abolish a common law cause of action. But this statute does not purport to do this, is not asserted to do so, and we cannot ascribe any

legislative intention to accomplish that end. We read it as a statute of limitation which applies in every case except where the plaintiff does not know of his cause of action." 390 Mich at 746–747; 213 NW2d at 188.

The Court then determined that the Legislature did not intend to abrogate the general rule that a cause of action accrues at the time of injury, and read a discovery provision into the statute.

In the above cases the Court interpreted statutes defining when a cause of action accrues so as to avoid constitutional infirmity. In each situation the statutory definition of accrual appeared to be at variance with the traditional definition of accrual, and the Court was able to determine that the Legislature did not intend to depart from the traditional definition. However, as previously noted, the statutory period in the instant case begins to run at the time of occupancy, not at the time the cause of action accrues. It is doubtful whether a discovery provision could be read into the instant statute, and constitutional issues thus avoided. However, we need not reach this issue, for we find plaintiffs lack standing to make this challenge.

The Court in *Dyke v Richard* assumed that the statute in that case was either one of limitation or one of repose. The parties in the instant case assume the same thing as to the instant statute, plaintiffs arguing that it is a statute of limitation, and defendants arguing that it is a statute of repose. Whether it is a statute of limitation or repose depends upon what the Legislature intended. See *Dyke v Richard, supra.*

The language as to the operation of the instant statute is unambiguous, and we assume the Legislature intended exactly what it said. "No person may maintain any action * * * more than 6 years

after the time of occupancy * * * ." As a practical matter, the statute is both one of limitation and one of repose.

As to causes of action which accrue prior to the expiration of six years, the statute is one of limitation, because it requires that the action be brought within a specified period of time. If a cause of action accrued near the end of the six-year period, and a discovery period could not be read into the statute, a person may not have a reasonable period of time within which to bring suit, and the statute may operate to deprive that person of his cause of action without due process. However, plaintiffs' injuries occurred after the expiration of the six-year period. "One cannot attack [a] statute on the ground that its application denies constitutional protection to others." *Williams & Works, Inc v Springfield Corp,* 76 Mich App 541, 547; 257 NW2d 160, 163 (1977).

Because a person may not maintain a cause of action after six years, the statute operates to prevent a cause of action from ever accruing where the injury occurs more than six years after the time of occupancy. The cause of action is abrogated before it comes into existence. Consequently, an injured party cannot be deprived of a cause of action without due process of law. The Court in *Dyke v Richard* recognized that a statute of limitation which operates to abrogate a cause of action may be sustainable as a statute of repose. The Legislature has the power to abrogate causes of action. Const 1963, art 3, § 7, *Bean v McFarland, supra.* A decision by the Legislature that a cause of action should not be abrogated until the passage of a period of time, when proofs grow stale, is not an unreasonable exercise of its authority. Similar acts have been upheld as statutes of

repose in other states. See, *e.g., Rosenberg v Town of North Bergen,* 61 NJ 190; 293 A2d 662 (1972), *Freezer Storage, Inc v Armstrong Cork Co,* 234 Pa Super 441; 341 A2d 184 (1975). As applied to the instant situation, the statute operates in a constitutional manner.

Affirmed in part, reversed in part, and remanded.