I agree that § 6-5-502 (c) should be struck down as unconstitutional for the reasons set out in section III of the majority opinion. By stating that a product liability action must be brought within ten years after the first use of the product, without providing some kind of "grace" period for those injured in the last year or so of the ten-year period of repose, § 6-5-502 (c) arbitrarily deprives those persons, whose cause of action has accrued, of their right to bring that action, and thereby denies them due process and equal protection of the laws. See, U.S. Const. amend. XIV, § 1; Ala. Const. art. I, §§ 1, 6, 13.
Several problems arise in this context. Statutes of repose, such as § 6-5-502 (c), make an unreasonable distinction between similarly situated manufacturers, in that the makers of long-lived products may be insulated from liability, while makers of short-lived products are singled out for product liability. While the Legislature would be entitled to make such classifications among various types of products, the present statute makes the class into which an individual manufacturer or plaintiff may fall a matter of chance. This deprives both plaintiffs and manufacturers of equal protection under the laws. See, McGovern, The Variety, Policy and Constitutionalityof Product Liability Statutes of Repose, 30 Am.U.L.Rev. 579, 606-612 (1981).[1] See also, Twerski Weinstein, A Critique ofthe Uniform Product Liability Law — A Rush to Judgment, 28 Drake L.Rev. 221, 234-44 (1978).
The United States Supreme Court recognized this problem inReed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), when it stated:
 "In applying that clause, this Court has consistently recognized that the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. . . . The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification `must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'" [Citations omitted.]
404 U.S. at 75-76, 92 S.Ct. at 253-254. These same principles have been followed by this Court. Harrison v. Buckhalt,364 So.2d 283 (Ala. 1978); City of Hueytown v. Jiffy Chek Co.,342 So.2d 761 (Ala. 1977); Ex parte Rice, 259 Ala. 570,67 So.2d 825 (1953). Thus, Alabama courts have held that the "essence of the theory of equal protection of the laws is that all similarly *Page 1005 
situated be treated alike. An individual cannot be subjected to arbitrary exercise of governmental power." City of Hueytown v.Jiffy Chek Co., 342 So.2d at 762. See also, Vernon v. State,245 Ala. 633, 18 So.2d 388 (1944).
If the Legislature is to properly make classifications in statutes, specific guidelines should be followed. This Court, in Opinion of the Justices, 252 Ala. 527, 41 So.2d 775 (1949), commented upon these standards:
 "While the due process and equal protection guaranties are not coterminous in their spheres of protection, equality of right is fundamental in both. Each forbids class legislation arbitrarily discriminatory against some and favoring others in like circumstances. — Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516; Washington Nat. Ins. Co. v. Board of Review, [1] N.J. [545] 64 A.2d 443. It is essential that the classification itself be reasonable and not arbitrary, and be based upon material and substantial distinctions and differences reasonably related to the subject matter of the legislation or considerations of policy, and that there be uniformity within the class. — Washington Nat. Ins. Co. v. Board of Review, supra."
252. Ala. at 530, 41 So.2d 775. Applying these standards to §6-5-502 (c), it becomes apparent that it is arbitrary and capricious, thus violating the rights of these plaintiffs to equal protection under the law.
One scholarly commentator has stated:
 "Alabama's statute of repose creates a seemingly arbitrary distinction between those individuals who are injured immediately prior to and those individuals who are injured immediately subsequent to the termination of the ten-year period. Therefore, the statute may also be amenable to suit on equal protection grounds."
Comment, Alabama's Products Liability Statute of Repose, 11 Cum.L.Rev. 163, 177 (1980). While this commentator states this as an equal protection violation, I consider it to also give rise to due process problems. Without a savings clause to provide for those injuries occurring near the expiration of the ten-year period, this ten-year period of repose is a violation of due process. While there is no constitutional rule that prohibits a legislature from abolishing a right of action before it accrues, Duke Power Co. v. Carolina EnvironmentalStudy Group, Inc., 438 U.S. 59, 87-88, 98 S.Ct. 2620, 2637-38,57 L.Ed.2d 595 (1978); Street v. City of Anniston, 381 So.2d 26
(Ala. 1980), a cause of action that has accrued (such as a product liability-related injury to a party nine years and eleven months from the first use of the product) is squarely within the protection of the due process clause and is thus protected from arbitrary interference. Gibbes v. Zimmerman,290 U.S. 326, 54 S.Ct. 140, 78 L.Ed. 342 (1933); Barr v. Preskitt,389 F. Supp. 496 (M.D.Ala. 1975). When a right of action accrues, it becomes the property of the injured party and its subsequent destruction is subject to the due process clauses of the United States and Alabama Constitutions. Barr v. Preskitt,389 F. Supp. at 498.
It is within the province of the Legislature to modify an accrued right of action if it provides a reasonable alternative by which to enforce that right, but where, as here, a statute does not do so, it violates due process. Duke Power Co. v.Carolina Environmental Study Group, Inc., 438 U.S. 59,98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); Second Employers' Liability Cases,(Mondou v. New York, N.H. HR) 223 U.S. 1, 32 S.Ct. 169,56 L.Ed. 327 (1911). Legislation of this type should incorporate the time periods of other statutes of limitations, for without such incorporation, an injury occurring near the end of the ten-year period of respose effectively denies a reasonable time in which to seek a remedy. Due process requires that statutes of limitation allow an individual a reasonable time in which to bring suit. Anderson Nat. Bank v. Luckett, 321 U.S. 233,64 S.Ct. 599, 88 L.Ed. 692 (1944); Capitan Grande Band of MissionIndians v. Helix Irrigation District, 514 F.2d 465 (9th Cir. 1975). Likewise, a statute of repose that does not embody a flexible outer limit to allow a reasonable time *Page 1006 
for suit when an injury occurs near the end of the statutory period also denies constitutionally required due process.Wilson v. Iseminger, 185 U.S. 55, 22 S.Ct. 573, 46 L.Ed. 804
(1902); Oole v. Oosting, 82 Mich. App. 291, 266 N.W.2d 795
(1978).
In Oole v. Oosting, the Michigan Court of Appeals addressed this issue. The court stated:
 "As to causes of action which accrue prior to the expiration of six years, the statute is one of limitation, because it requires that the action be brought within a specified period of time. If a cause of action accrued near the end of the six-year period, and a discovery period could not be read into the statute, a person may not have a reasonable period of time within which to bring suit, and the statute may operate to deprive that person of his cause of action without due process."
266 N.W.2d at 799. Where a party's injuries occur subsequent to the date set by the statute of repose, there is no due process violation, because, as stated, that is within the province of the Legislature. Limitations upon a right that has not yet accrued, when uniformly and equally applied, are constitutional. Parton v. City of Huntsville, 362 So.2d 898
(Ala. 1978); Parker v. Jefferson County Commission,347 So.2d 1321 (Ala. 1978). In Wilson v. Iseminger, 185 U.S. 55,22 S.Ct. 573, 46 L.Ed. 804 (1902), the United States Supreme Court stated:
 "It may be properly conceded that all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts. A statute could not bar the existing rights of claimants without affording this opportunity; if it should attempt to do so, it would not be a statute of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions. It is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action; though what shall be considered a reasonable time must be settled by the judgment of the legislature, and the courts will not inquire into the wisdom of its decision in establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice. Cooley, Const.Lim. 451.
 "Thus, in Terry v. Anderson, 95 U.S. 628, 24 L.Ed. 365, it was said per Chief Justice Waite:
 "`This court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect. Hawkins v. Barney, 5 Pet. [30 U.S.] 457, 8 L.Ed. 190; Sohn v. Waterson, 17 Wall. [84 U.S.] 596, 27 L.Ed. 737.'"
185 U.S. at 62-63, 22 S.Ct. at 575. From these authorities it becomes apparent that when a person is injured, for instance, nine years, eleven months, and three weeks after the product was first put into use, that person is deprived of a reasonable time to pursue his remedy. Thus, without an incorporation of other statutes of limitations, the party would have one week or less in which to pursue his remedy. This is clearly not a reasonable time as defined by the United States Supreme Court and the statutory time period is therefore an arbitrary denial of rights and a violation of due process.
It is my view that the Legislature should provide by statute so that no manufacturer should be held liable for an indefinite period of time. Yet, an arbitrary ten-year period, without more, such as that set out by § 6-5-502 (c), is a denial of equal protection under U.S. Const. amend. XIV, § 1, and Ala. Const. art. I, § 1. "A manufacturer should be required to produce a product that can be safely used during the period of its intended use, not for some arbitrary period of time that is applied to all products. A statute that would take into account the period of the product's intended use would not favor some groups of manufacturers to the exclusion of others, nor would it be unfair to injured individuals." Comment, Alabama'sProducts Liability Statute of Repose, 11 Cum.L.Rev. 163, 180 (1980). *Page 1007 
Likewise, I further believe that § 6-5-502 (c) violates the due process clauses of the United States and Alabama Constitutions. U.S. Const. amend. XIV, § 1; Ala. Const. art. I, §§ 6, 13. For these reasons, I feel that the requirements of due process and equal protection of the law compel me to concur with the majority in its holding that § 6-5-502 (c) should be struck down as unconstitutional.
BEATTY, J., concurs.
[1] As indicated by Justice Almon, we are appreciative of Professor McGovern's scholarly and fair analysis of the law concerning statutes of repose.